**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA,

CASE NO.: 1:23-CR-00056-JKB

vs.

BRANDON CLINT RUSSELL,

_____/

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR**
**APPOINTMENT OF MAGISTRATE JUDGE OR SPECIAL MASTER**

  Brandon Russell, through undersigned counsel, replies to the government's Response in Opposition to Motion for Appointment of Magistrate Judge or Special Master (ECF No. 28) (hereinafter "Response") as follows:

  1. The government argues in its Response that Mr. Russell's Motion Requesting Court to Appoint a Magistrate Judge or Special Master to Search Brandon Russell's Phone for Attorney-Client Privileged and Work Product Information (ECF No. 27) is improperly filed in the District of Maryland.

  2. For the first time via its Response, the government decided to inform the defense that it obtained the search warrant from a United States Magistrate Judge in the Middle District of Florida.

  3. As noted in its Response, counsel for Mr. Russell reached out to the government on February 14 and 15, 2023 (ECF No. 28), regarding concerns over confidential attorney-client and work product information on electronic devices allegedly linked to Mr. Russell.  During those communications, counsel for Mr. Russell requested a copy of the search warrant and application. The government declined to provide the requested documents, and advised the defense to file a

1

motion in the District of Maryland—not the Middle District of Florida. Additionally, the government agreed to pause the search of the electronic devices linked to Mr. Russell, to allow the defense to litigate its position in this Court. (ECF No. 28).

4.      Given the above-described facts, the government's argument, that the defense filed in the wrong court, is government gamesmanship that this Court ought not allow. Such gamesmanship requires Mr. Russell to expend resources responding to arguments that he should not have to address. The needless depletion of Mr. Russell's resources allows the government an unfair litigation advantage. While the government's budget to prosecute cases in this 50th Year of the Failure of Mass Incarceration[1] may be substantial, Mr. Russell's budget to defend his innocence is not. While the defense is not asking for sanctions, the government's conduct is sanctionable.

5.      Even if the government's position with respect to jurisdiction were correct, they should be precluded from making such argument given their failure to timely disclose the search warrant, or even the District in which it was issued. The government was the only party aware of this jurisdictional issue, purportedly paused its search to allow defense counsel to litigate the issue in this District, and intentionally omitted the fact that the search warrant was obtained in another district to gain an unfair litigation advantage over the defense.

6.      This case is now indicted, and this legal issue is properly before this Court in the District of Maryland.

7.      The balance of the Government's arguments are addressed in Mr. Russell's original motion (ECF No. 27), and need not be reargued.

---

[1]      *See*  https://www.sentencingproject.org/advocacy/50-years-and-a-wake-up-ending-the-mass-incarceration-crisis-in-america/ (explaining that Mass Incarceration began in 1973 and failed because it has not made the country safer).

WHEREFORE, based upon the foregoing, undersigned counsel respectfully requests that this Honorable Court:

a. Find that jurisdiction is proper in the District of Maryland, and schedule a hearing on Mr. Russell's motion;

b. Alternatively, should the Court find that jurisdiction is improper, the Court should issue an order precluding the government from resuming its search of Mr. Russell's electronic devices, and giving the defense sufficient time (and information, such as a case number) to address this matter in the Middle District of Florida.

Dated: March 6, 2023                          Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)
ian@iangoldsteinlaw.com
LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950

**/s/Kobie A. Flowers**
Kobie A. Flowers (Bar No. 16511)
kflowers@browngold.com
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030

Counsel for Brandon Russell

3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing document was electronically filed via CM/ECF which will serve all parties of record on this 6th day of March, 2023.

Respectfully submitted,

<u>**/s/ Ian J. Goldstein**</u>
Ian J. Goldstein (Admitted *pro hac vice*)
ian@iangoldsteinlaw.com
LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950