IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-23-0056 |
| BRANDON CLINT RUSSELL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is a Motion by Defendant Brandon Russell requesting the appointment of a special master or magistrate judge to search Russell's seized cell phone for attorney-client privileged information and attorney work product. (ECF No. 27.) Russell was indicted in this District on February 14, 2023, (ECF No. 25), but the warrant to search Russell's phone was issued by Magistrate Judge David Baker of the United States District Court for the Middle District of Florida, where the phone was seized. (Gov't's Opp'n to Def.'s Mot., ECF No. 28, at 2.) The Motion is fully briefed and no hearing is required. *See* Loc. Rs. 105.6, 207 (D. Md. 2021). The Motion will be denied for lack of jurisdiction.

Russell cannot collaterally attack the search warrant relating to his cell phone in this Court. "It is well settled that a court should rarely interfere with the order of another court," *United States v. Lacey*, No. 18-00422-PHX-SPL, 2019 WL 317672, at *2 n.2 (D. Ariz. Jan. 24, 2019), and the Court will not intrude on the jurisdiction and authority of the Middle District of Florida to control how its order is carried out. *See Eastman v. United States*, No. 22-mc-00023, 2022 WL 9346072, at *4 (D.N.M. Oct. 14, 2022) (declining to exercise jurisdiction over challenge to another court's search warrant "filter protocol," finding that defendant had "cite[d] no authority to support a

1

finding that he [could] collaterally attack [that] filter protocol in this district[,]" and concluding that "adequate remedy" was to "file an appropriate motion before the court that approved the filter protocol."). Of course, questions about the admissibility of evidence, once gathered, are properly presented to the court that will hear the evidence. *See* Fed. R. Crim. P. 41(h) ("A defendant may move to suppress evidence in the court where the trial will occur[.]").

Accordingly, it is hereby ORDERED that Russell's Motion (ECF No. 27) is DENIED.

Dated this 22 day of March, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge