IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO.  JKB-23-0056 |
| | : |
| SARAH BETH CLENDANIEL, et al., | : |
| Defendants. | : |
| | : |
| | : |

...oOo...

## GOVERNMENT'S SECOND MOTION FOR ORDER
## REGARDING SPEEDY TRIAL STATUS

The United States of America, by its undersigned attorneys, hereby moves for the entry of an Order regarding the speedy trial status of this matter. In support of this motion, the government states as follows:

1. On February 6, 2023, defendant Sarah Beth Clendaniel made her initial appearance in this Court on a Criminal Complaint charging her and co-defendant Brandon Clint Russell with conspiracy to damage an energy facility in violation of 18 U.S.C. § 1366(a). Clendaniel consented to pretrial detention and remains in custody to date.

2. Also on February 6, 2023, defendant Brandon Clint Russell made his initial appearance on the Criminal Complaint in the Middle District of Florida.  After Russell consented to pretrial detention, the magistrate judge ordered that he be transported to the District of Maryland.

1

3. On February 14, 2023, the grand jury returned a one count Indictment against the defendants, charging them with conspiracy to damage an energy facility in violation of 18 U.S.C. § 1366(a).

4. On February 20, 2023, defendant Russell filed a Motion Requesting Court to Appoint a Magistrate Judge or Special Master to Search Brandon Russell's Phone for Attorney-Client Privileged and Work Product Information.

5. The defendants both made their initial appearance and were arraigned on the Indictment in this Court on March 10, 2023.

6. On March 22, 2023, this Court issued its ruling on defendant Russell's Motion Requesting Court to Appoint a Magistrate Judge or Special Master, finding that it lacked jurisdiction to decide the motion. The Court also conducted a telephone conference with the parties. During that conference, defense counsel requested that the Court allow an additional thirty days for the defense to review discovery and assess the case to determine whether it would proceed to trial or seek a pretrial resolution before the Court scheduled dates for the filing of pretrial motions and trial. The Court granted that request and scheduled a status conference for April 25, 2023.

7. On March 29, 2023, the Court granted the government's Motion for Order Regarding Speedy Trial Status and ordered that the computation of the period of time in which the defendants must be tried began on March 22, 2023, and excluded the period of time between March 29, 2023, and April 25, 2023.

8. Defendant Russell subsequently filed the same Motion Requesting Court to Appoint a Magistrate Judge or Special Master in the Middle District of Florida where the search

warrant that is the subject of the motion was issued. Because that motion has not yet been resolved, the government has not been able to provide an image of defendant Russell's cell phone to counsel for defendant Clendaniel nor has the government been able to resume its own review of the cell phone.[1]

9. Under the Speedy Trial Act, a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

10. The Speedy Trial Act permits a trial court to continue a trial date beyond the seventy-day limit if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In deciding whether to grant such a continuance, the Court may consider, inter alia, whether the failure to grant the continuance would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

11. The discovery in this case includes various electronic devices seized pursuant to the execution of search warrants, and is therefore voluminous. Counsel for the defendants will need additional time to review that discovery, including the contents of defendant Russell's cell phone, in order to effectively prepare for trial, and if appropriate, engage in plea discussions, taking into account the exercise of due diligence.

---

[1] The parties have been attempting to resolve the privilege claim, short of a hearing, in Florida. The government recently provided an image of the cell phone to Mr. Goldstein, defendant Russell's counsel, but due to apparent technical difficulties with the production, Mr. Goldstein has not yet been able to review its contents to determine if there are, in fact, any communications that he believes are subject to the attorney-client or work product privilege.

12.     Undersigned government counsel has consulted with Kirstin Hopkins, counsel for defendant Clendaniel, who has advised that she defers to the Court on this motion. Undersigned counsel has also conferred with Ian Goldstein, counsel for defendant Russell, who has advised that he has no objection to this motion.

WHEREFORE, the United States respectfully requests that this Court enter an Order finding that the computation of the period of time in which the defendant must be tried under the Speedy Trial Act began on March 22, 2023, and excludes the period of time between March 22, 2023 and the scheduling conference to be held on June 1, 2023.

A proposed Order is attached for the Court's consideration.

                                                      Respectfully submitted,

                                                      Erek L. Barron
                                                      United States Attorney

By:

                                                      Kathleen O. Gavin
                                                     Assistant United States Attorney