IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

                                          CASE NO.: 1:23-CR-00056-JKB

vs.

BRANDON CLINT RUSSELL,

_____/

**DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF IDENTITIES OF <u>CONFIDENTIAL PARTICIPANTS</u>**

Brandon Clint Russell hereby files this Motion to Compel the Government to Provide the Identities of the Confidential Participants. In support thereof, he states:

1. A federal grand jury has indicted Brandon Clint Russell and co-defendant Sarah Clendaniel with Conspiracy to Damage an Energy Facility (DE 25).

2. The Government has disclosed controlled calls between both defendants and an individual identified by the Government as FBI Confidential Human Source 1 "CHS-1". CHS-1 is an unindicted co-conspirator, upon which the Government relies to prove their case.

3. According to the search warrants filed in this case, the instant investigation began as a result of a report from CHS-1.

4. On behalf of Mr. Russell, counsel has requested the identity of CHS-1 because he was an active participant in the alleged criminal conduct and had direct contact with Mr. Russell and Ms. Clendaniel. The government has advised they will not provide the information without an order from the Court.

When an informant's testimony may be "relevant and helpful to the defense of an accused," his identity must be disclosed. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). The government's so-called qualified privilege of non-disclosure is limited by both the Sixth Amendment right to prepare a defense and the right to compulsory process. *Id.* at 62; *see also United States v. Rutherford*, 175 F.3d 899, 901 (11th Cir. 1999) (government privilege to withhold identity of informant is "limited"). The *Rovario* Court described these principles as "fundamental requirements of fairness." 353 U.S. at 60. Thus, where the disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the court must require disclosure and, if the government withholds the information, dismiss the action because the Constitution has been violated. *See United States v. McDonald*, 935 F.2d 1212, 1217 (11th Cir. 1991) (describing *Rovario's* concept of fundamental fairness as "implicit" within due process).

The role played by the informant in *Roviaro* is analogous to the role played by CHS-1 and in this case. In *Roviaro*, the defendant was convicted of the sale of heroin and of knowing concealment and transportation after importation of heroin. An informant participated in the events leading to Roviaro's arrest. During a material part of the criminal conduct, a police officer hid in the trunk of a car while Roviaro and the informant engaged in a conversation about the drug deal. At trial, the officer testified regarding the conversation between Rovario and the informant that he overheard, and government witnesses described the informant's part in the transaction. Rovario sought disclosure of the informant's identity, and when the government refused, the district court did not compel disclosure.

The *Rovario* Court utilized a balancing test to determine whether the government had to disclose an informant's identity upon pain of dismissal. *Rovario* considered three factors: 1) the

extent of the informant's participation in the criminal activity; 2) the directness of the relationship between the defendant's defense and the probable testimony of the informant; and 3) the government's interest in not disclosing the informant's identity. 353 U.S. at 62; *see also See United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991) (same); *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985) (same).

In applying this balancing test, the Supreme Court found that the charge against Roviaro, "when viewed in connection with the evidence introduced at the trial, is so closely related to [the informant] as to make his identity and testimony highly material." *Rovario*, 353 U.S. at 63. As the Court explained, "[t]he circumstances of this case demonstrate that [the informant's] possible testimony was highly relevant and might have been helpful to the defense." *Id.* at 63-64. The Supreme Court held that the district court committed reversible error because of the failure to order the government to disclose the identity of an undercover employee who had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged. *Id.* at 64-65.

Courts, in applying the balancing test in subsequent cases, have drawn a distinction between informants who are "participants" in a criminal transaction, and those who are "mere tipsters." The Eleventh Circuit has described these cases as the "extremes" in terms of the government's disclosure obligations. *United States v. Diaz*, 655 F.2d 580, 587 (11th Cir. 1981) ("[a]t the other extreme are cases such as *Roviaro* itself, in which an informer has played a crucial role in the alleged criminal transaction, and disclosure and production of the informer are required to ensure a fair trial"). The Court of Appeals has clearly stated that "[a] defendant can tip this balance in his favor if he establishes that an informant played an active or prominent role in the

3

criminal activity." *McDonald*, 935 F.2d at 1217. CSH-1, whose identity is are sought here, is clearly a "participant" in the criminal conspiracy at issue and played an active, prominent role. Virtually all of the conversations between CHS-1 and Mr. Russell in discovery demonstrate that CHS-1 initiated the conversations and actively sought to elicit incriminating statements from Mr. Russell. Furthermore, the overwhelming majority of the conspiratorial conduct (i.e. conversations) which form the basis of this alleged conspiracy is between CHS-1 and co-defendant Sarah Clendaniel. The conversations between CHS-1 and Brandon Russell are minimal and insignificant in comparison.

In *McLawhorn v. State of North Carolina*, 484 F.2d 1, 5 (4th Cir.1973), the Fourth Circuit held that disclosure of the informant's identity is required where the informant is an actual participant and, in particular, where he helps set up the criminal occurrence. The informant in *McLawhorn* "participated" in the criminal incident through attempting to arrange a sale of drugs by the defendant, meeting with him in private, introducing him to the federal agent, riding in a car with the agent and the defendant, and participating in the sale. *Id.* at 6. In the instant case, CHS-1 was the primary actor and initiator in planning the alleged conspiracy to destroy an energy facility.

The court held that where an informant is a participant in a criminal enterprise, a defendant is not required to present proof of his or her need for the informant's testimony. Such a requirement would "place an unjustifiable burden on the defense." *Id.* at 7. The court ultimately concluded that the informant was a "material witness who could testify directly from personal knowledge" regarding the crimes with which the defendant was charged. *Id.* As a result, "his testimony was mandated in order to accomplish the purpose of a criminal trial—finding the truth." *Id.* at 7. In this case, as in *Rovario* and *McLawhorn*, the government informant planned the criminal conspiracy. CHS-1 is therefore a material witness who could testify from personal knowledge as to Mr.

Russell's knowing or unknowing participation in the crime. As the Supreme Court made clear in *Rovario*, "[t]he desirability of calling [the confidential source] as a witness, or at least interviewing him in preparation for trial, [is] a matter for the accused . . . to decide." 353 U.S. at 64. Counsel's ability to cross-examine the agents who were involved is not a substitute for an opportunity to examine the actual participants who orchestrated the transaction. In response to our request for this information, the prosecutor has declined to identify CHS-1. The defense has been given no other information. On this bare proffer, the government has not demonstrated a compelling interest in non-disclosure. And, given the role played by the informant, the government is unlikely to possess an interest that trumps Mr. Russell's constitutional rights under the 5th and 6th Amendments.

Wherefore, Brandon Clint Russell respectfully requests that this Court order the government to provide the identity and address of CSH-1, who was an active participant in the alleged criminal conspiracy.

Dated: December 6, 2023                          Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950

**/s/Kobie A. Flowers**
Kobie A. Flowers (Bar No. 16511)

Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030

Counsel for Brandon Russell

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed via CM/ECF which will serve all parties of record on this 6th day of December, 2023.

        Respectfully submitted,

        **/s/ Ian J. Goldstein**
        Ian J. Goldstein (Admitted *pro hac vice*)

        LAW OFFICES OF IAN GOLDSTEIN P.A.
        330 Clematis Street, Suite 209
        West Palm Beach, FL 33401
        Tel: (561) 600-0950