IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

                                CASE NO.: 1:23-CR-00056-JKB

vs.

BRANDON CLINT RUSSELL,

_____/

## DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Brandon Russell, through undersigned counsel, moves for a bill of particulars, in accordance with Rules 7(f) and 12(b) of the Federal Rules of Criminal Procedure; the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitutional of the United States; and the scheduling order of this Court. A bill of particulars will adequately apprise Mr. Russell of the scope of the Government's allegations and allow Mr. Russell to prepare his defense and avoid unfair and prejudicial surprise at trial.

## RELIEF REQUESTED

Mr. Russell, through counsel, requests that the Government provide in the form of a bill of particulars the act or acts the Government intends to prove Mr. Russell undertook in connection with the "conspiracy" to destroy an energy facility in or before January 12, 2023, and continuing until on or about February 5, 2023 in the District of Maryland.

## INTRODUCTION

On February 14, 2023, a federal grand jury returned an indictment charging Brandon Russell with one count of conspiracy to damage an energy facility. The entirety of the Count reads as follows:

1

Count One

> Beginning in or before January 12, 2023, and continuing until on or about February 5, 2023, in the District of Maryland and elsewhere, Sarah Beth Clendaniel and Brandon Clint Russell, the defendants, willfully and knowingly conspired and agreed, with each other and with other persons known and unknown to the Grand Jury, to knowingly and willfully damage and attempt to damage the property of an energy facility involved in the transmission and distribution of electricity, in an amount exceeding or which would have exceeded $100,000, and to cause a significant interruption and impairment of a function of an energy facility

Russell is entitled to a bill of particulars from the Government regarding what acts by him allegedly constitute a conspiracy and agreement. Thus, the Court should order the Government to provide, in the form of a bill of particulars, the act or acts which the Government intends to prove constituted Mr. Russell's knowing and willful agreement to damage an energy facility. Defendant has reviewed the voluminous discovery produced in this case and believes that the Government will assert that Mr. Russell's alleged conduct in providing publicly available information to alleged coconspirators regarding the Baltimore power grid and weapons amounts to a conspiracy. If this is incorrect or incomplete, the Government should be ordered to specify the essential facts it intends to prove. Therefore, the Government should also provide, in the form of a bill of particulars, the act or acts which the Government intends to prove constituted Brandon Russell's conspiracy and agreement in this alleged scheme.

### ARGUMENTS AND AUTHORITIES

### I.     Russell's motion for a bill of particulars is timely.

Russell seeks a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. Under Rule 7(f), a "defendant may move for a bill of particulars before or within 14 days after arraignment **or at a later time if the court permits**." (emphasis added). Defendant Russell's

2

motion is timely under the Court's scheduling order, setting a due date of December 7, 2023 for defense motions.

## II. Russell is entitled to a bill of particulars.

Russell needs a bill of particulars to prepare his defense. *See United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).[1] Fundamentally, "[t]he function of a bill of particulars is to 'cure omissions of details that might enable the defendant to prepare his defense.'" *United States v. Perkins*, 748 F.2d 1519, 1526 (11th Cir. 1984) (quoting *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978)). "It is well[-]settled law that 'where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error.'" *Cole*, 755 F.2d at 760 (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)).

While an indictment reciting the elements of an offense might survive a motion to dismiss, a bare-bones indictment may not "meet fully the Government's obligation to permit defendant to prepare a defense." *Haas*, 583 F.2d at 221. Under these circumstances, a bill of particulars is necessary. *Id.* As future Supreme Court Justice Charles Evans Whittaker wrote in *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954) *Cf. Saleeby v. United States*, 21 F.2d 713, 714 (4th Cir. 1927) ("Upon examination, we are of the opinion that the indictment is sufficient. It states all the necessary ingredients of the offense charged, **and, together with the bill of particulars** furnished by the government, was amply sufficient to advise the defendant of all matters necessary for his defense, and to safeguard him from any further prosecution, based on the

---

[1] It also minimizes surprise at trial and enables the defendant to plead double jeopardy if [he] is later prosecuted for the same offense. *Id.*

3

same transaction.) (Emphasis added). "If the indictment fails to advise defendant of matters necessary for defense, such necessary matters may be supplied by bill of particulars." *Id.* at 715.

> Certainly the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Rule 7(f) necessarily presupposes an indictment or information is good against a motion to quash or a demurrer. Its proper office "is to furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial", and when necessary for those purposes, is to be granted even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature", and an accused is entitled to this "as of right".

(quoting *United States v. U.S. Gypsum*, 37 F. Supp. 398, 402 (D.D.C. 1941)).

Russell does not seek to elicit information about how the Government will make its case or its trial strategy, but rather: (1) what it intends to prove Russell did to conspire or agree to destroy an energy facility. In other words, Russell seeks the essential facts which the Government argues comprise the offense alleged against him — not the evidence the Government will present attempting to prove these facts.

Russell is entitled to a bill of particulars stating the essential facts of his alleged involvement in the conspiracy. The indictment blanketly accuses Russell of participating in a conspiracy but contains nothing about what Russell allegedly did to enter or participate in the conspiracy. This is not sufficient. *See United States v. Williams*, 2016 U.S. Dist. LEXIS 185118, *49 (N.D. Ga. Oct. 19, 2016), *report and recommendation adopted sub nom. United States v. Williams*, 2017 U.S. Dist. LEXIS 38393 (N.D. Ga., Mar. 16, 2017); *see also United States v. Menjivar*, No. 1:10- CR-86-11-RWS-ECS, 2011 U.S. Dist. LEXIS 157331, at *4 (N.D. Ga. Nov. 29, 2011) ("If the essential facts are not disclosed in the discovery, then the government is

DIRECTED to provide this information in the form of a bill of particulars to the Defendant stating what the government contends the essential facts are relating to [the aiding and abetting] [c]ount."). The same rationale holds true for the instant count of conspiracy. In *Williams*, the government charged Tonia Williams with aiding and abetting a drug conspiracy, describing the conspiracy itself in detail. *See id*. at 48. In her motion for a bill of particulars, Williams requested "that the government detail and clarify the meaning of the aiding and abetting allegations contained in" the indictment. *Id.* The government provided some additional information but protested that this request was an improper attempt to obtain "the government's trial strategy." *Id.* The district court disagreed and ordered the government to identify the "essential fact surrounding the aiding and abetting allegations" in the discovery or, to the extent such facts were not disclosed in discovery, to provide them. *Id.* It was not enough merely to describe the underlying drug offenses. *See id*. Likewise, it is not enough to merely assert that Russell entered into a conspiracy.

Specifically, the Government should be directed either to provide the defense the essential facts of the conspiracy charge as it relates to Russell, or to direct the defense to the place(s) in the extremely voluminous discovery where the essential facts are described.

## BILL OF PARTICULARS

Based on these authorities, Russell moves this Court to require the Government to provide a bill of particulars as to the defendant's actions which constitute an agreement or criminal conspiracy as set forth above.

Dated: December 6, 2023          Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.

5

      330 Clematis Street, Suite 209
      West Palm Beach, FL 33401
      Tel: (561) 600-0950

      **/s/Kobie A. Flowers**
      Kobie A. Flowers (Bar No. 16511)

      Brown, Goldstein & Levy, LLP
      120 E. Baltimore Street, Suite 2500
      Baltimore, Maryland 21202
      Tel: (410) 962-1030

      Counsel for Brandon Russell

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed via CM/ECF which will serve all parties of record on this 6th day of December, 2023.

      Respectfully submitted,

      **/s/ Ian J. Goldstein**
      Ian J. Goldstein (Admitted *pro hac vice*)

      LAW OFFICES OF IAN GOLDSTEIN P.A.
      330 Clematis Street, Suite 209
      West Palm Beach, FL 33401
      Tel: (561) 600-0950