IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

                                CASE NO.: 1:23-CR-00056-JKB

vs.

BRANDON CLINT RUSSELL,

_____/

**MOTION FOR NOTICE BY THE GOVERNMENT
OF ITS INTENTION TO RELY UPON 404(B) EVIDENCE**

      Brandon Russell, through undersigned counsel, respectfully moves this Honorable Court to direct the Government (1) to give pre-trial notice, under Rule 404(b) of the Federal Rules of Evidence, of its intention to introduce evidence alleging Defendant's commission of other crimes, wrongs, acts and misconduct, and (2) to provide Defendant, within a reasonable time, a list of all such evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence.

      "Rule 404(b)(2) directs that, upon the defendant's request, the Government "must: (A) provide reasonable notice of the general nature of any [prior bad acts] evidence that the [Government] intends to offer at trial" *United States v. Smith*, 833 Fed.Appx. 516, 519 (4th Circuit 2020) (concluding that "the Government met its burden when it disclosed to counsel 'the general nature' of the 404(b) evidence **months before trial**.") (emphasis added).

      Pretrial notice of 404(b) material is required so that a Defendant is not subjected to a "trial by ambush." *See United States v. Kelly*, 420 F.2d 26, 29 (2nd Cir. 1969). To prevent the introduction of such evidence, and to head off time-consuming and potentially prejudicial contests before the jury over the admissibility of such evidence, Mr. Russell seeks pre-trial disclosure of

1

the Government's intention to rely upon such troublesome evidence. The right of the accused to be advised of such evidence prior to trial arises from basic rights under the Fifth and Sixth Amendments. These include the right to notice of the nature and cause of the accusation, the right to prepare a defense, the right to confrontation of witnesses, the right to effective assistance of counsel, and the right to trial in accordance with due process of law. These guarantees will be hopelessly frustrated if Defendant does not receive notice of such evidence until it is offered against him at trial. *See United States v. Baum*, 482 F.2d 1325 (2nd Cir. 1973).

In *Baum*, a conviction for possession of stolen goods was reversed where such a motion had been denied (noting that "[c]onfronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor.") *Id.* at 1331. Similarly, in *Riggs v. United States*, 280 F.2d 750, 753 (5th Cir. 1960), the former Fifth Circuit strongly condemned nondisclosure of a transaction not included in the indictment but "saved to be used as a surprise knockout blow." *See also, United States v. Paone*, 782 F.2d 386, 395 (2nd Cir. 1986).

This Court, as well as Mr. Russell, has a stake in pretrial disclosure of the Government's intention to interject 404(b) evidence into the trial. Admissibility of such evidence ordinarily poses serious questions of law that may delay the proceedings if litigated during the course of the trial. Moreover, if the government is allowed to admit such evidence during the trial, mid-trial continuances may be necessary in the interest of justice to allow the accused a fair opportunity to meet the evidence. Finally, erroneous admission of such evidence remains a common source of mistrials, appeals and retrials.

Sound judicial administration requires pre-trial notice of the Government's intention to use 404(b) evidence. This pre-trial notice is needed so that the question of admissibility can be resolved before the jury is exposed to voir dire examination and opening statements. *See, United States v. Gray*, 730 F.2d 733 (11th Cir. 1984). In fairness to Defendant and to the trial court, Defendant's motion should be granted. *E.g., United States v. Stofsky*, 409 F.Supp. 609, 620 (S.D. N.Y. 1973); *cf., United States v. Solomon*, 490 F.Supp. 373 (S.D. Ga. 1980) (Government voluntarily gave defendant, under Rule 12(d)(1) of the Federal Rules of Criminal Procedure, pre-trial notice of intention to use other crimes evidence).

Additionally, to further enable Defendant and the Court to consider the admissibility of any Rule 404(b) evidence in an orderly and intelligent manner, Defendant requests the Court to order the Government to provide Defendant, within a reasonable time, a list of all such contemplated Rule 404(b) evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence, and all other material that may relate to the Rule 404(b) evidence. *See, United States v. Kilroy*, 523 F.Supp. 206, 216 (E.D. Wis. 1981).

Dated: December 6, 2023               Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950

**/s/Kobie A. Flowers**
Kobie A. Flowers (Bar No. 16511)

Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030

Counsel for Brandon Russell

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed via CM/ECF which will serve all parties of record on this 6th day of December, 2023.

Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950