**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 23-00056-JKB** |
| | ) | |
| **BRANDON CLINT RUSSELL** | ) | |
| | ) | |

**BRANDON RUSSELL'S MOTION TO RECONSIDER**
**COURT'S ORDER REGARDING UNDERCOVER WITNESSES**

Brandon Russell, through counsel, respectfully moves this Honorable Court to reconsider the Court's Order (ECF No. 135) ("Order") granting and denying, in part, the Government's Motions for Protective Order (ECF Nos. 99, 102 & 113) ("Government's Motions"). The Defense files this Motion in compliance with Local Rule 105.10, Local Rule 207.1, and the relevant case law. After deliberate consideration of the Court's Order, the Defense has changed its position. The Defense is now willing to stipulate to the authentication of the relevant digital and audio recordings of Mr. Russell. Such a stipulation obviates the need for the Court to engage the witness anonymity procedures outlined in the Court's Order (Order at 1-2), which the Court "strongly disfavors." (ECF No. 134 at 4) ("Memo. Op."). Given this stipulation, which the Government rejects, the Defense respectfully requests the Court to reconsider its Order by rescinding it as now moot and ordering the Parties to accept the stipulation. In support of this Motion, the Defense provides the following:

**BACKGROUND**

Mr. Russell contests the one-count Indictment alleging that he conspired to damage an energy facility in Maryland in violation of 18 U.S.C § 1366 (a). (ECF No. 25 at 1-2) ("Indictment").[1] The Government filed three Motions seeking a protective order to conceal the identity of three of its prospective witnesses at trial. *See generally* Government Motions. The Defense opposed the Government Motions under the Fifth and Sixth Amendments to the United States Constitution and Rule 16 of the Federal Rules of Criminal Procedure. (ECF No. 106).

On June 27, 2024, this Court heard oral argument related to the Government's request for a protective order. At that hearing, the Government "proffered that the witnesses' testimony will consist *solely of authenticating digital or audio recordings of conversations with Russell*." Order at 4 (emphasis added).

On July 2, 2024, the Court issued its Order and Memo. Op. granting and denying, in part, the Government's Motions, given the "limited focus of the witnesses' testimony." Memo. Op. at 4 (quoting *United States v. Ramos-Cruz*, 667 F.3d 487, 501 (4th Cir. 2012)).

On July 15, 2024, the Defense informed the Government that it had reconsidered its position in light of the Court's Order and after considerable deliberation. The Defense explained to the Government that it will now stipulate to the authenticity of the digital and audio

---

[1] Despite some of the rhetoric surrounding this case, Mr. Russell is not charged with a hate crime; he is not charged with being the founder and leader of a Neo-Nazi organization with violent aspirations. *See* Indictment at 1-2. Two of the Defense lawyers identify as Jewish American and African American. To the extent they are admissible, the Defense will place Mr. Russell's associations in their proper context at the November trial.

recordings. The Defense explained that such a stipulation will obviate the need for the three witnesses to testify in secret.

On July 16, 2024, the Government informed the Defense that it would not accept the Defense's stipulation.

## LEGAL STANDARD

Whether to grant a motion for reconsideration is in the sole discretion of the Court. *United States v. Dickerson*, 971 F.Supp. 1023, 1024 (E.D. Va. 1997) (citing *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). The Local Rules for the District of Maryland provide that "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." L.R 105.10; *see also* L.R. 207.1.

Since there is no provision in the Federal Rules of Criminal Procedure that governs the criterion to be used in deciding a motion for reconsideration, "courts are guided by analogy to the standards established by the civil rules." *United States v. Young*, 260 F.Supp.3d 530, 555 (E.D. Va. 2017); *see also Keen v. LoanCare, LLC*, 2023 WL 9472295, at *1 (D. Md. 2023). Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration may be granted if there is: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). Additionally, under Federal Rule of Civil Procedure 60(b), a motion for reconsideration is appropriately considered if there is "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief." *Jahn v. Tiffin Holdings, Inc.,* 2020 WL 4559927 (D. Md. 2020) (unpublished). In this respect, courts have

concluded that a motion to reconsider cannot appropriately be granted where the moving party

solely seeks to re-argue the merits of the motion or present evidence that was previously

available to the movant. *Royal Ins. Co. of Am. V. Miles & Stockbridge, P.C.,* 142 F. Supp.2d 676,

677 n.1 (D. Md.) (citing *RGI, Inc. v. Unified Indus., Inc.,* 963 F.2d 658 (4th Cir. 1992)).

## ARGUMENT

When the Court issued its July 2, 2024 Memo. Op., it reasoned that the decision to grant

the Government's extraordinary request for a protective order, which encroaches on the

accused's Sixth Amendment right to cross examination, was ultimately a "close question."

Memo. Op. at 3. The Court based its decision on two factors: (1) the concern surrounding "a

substantial risk that the three witnesses' identities will be exposed if they are not permitted to

testify under pseudonym and in light disguise," and (2) the "limited focus of the witnesses'

testimony." Memo. Op. at 3-4 (internal citations omitted). The Court relied on the Government's

proffer at the June 26, 2024 hearing that the witnesses' testimony would consist solely of

authenticating digital or audio recordings of conversations with Russell. Memo. Op. at 4. Given

the Defense's stipulation to authenticity, there is no longer a need for the three witnesses to

testify in secret and to partially shutdown a public courtroom as is done in the Military

Commissions in Guantanamo Bay, Cuba—where the U.S. Constitution does not apply.

As the Court is well aware, its July 2, 2024 Order and Memo. Op. are significant and

unique. Never has Defense counsel participated in a proceeding (outside of the Military

Commissions) in which it could neither independently investigate the identities and background

of adversary witnesses, nor fully *see* let, alone cross-examine, those witnesses and judge their

candor and demeanor because of disguises to hide their identities. These witnesses will both

testify in secrecy and be secreted from the public.

4

Given the constitutional novelty and gravity of the Court's Order, and the "close call" of the Court's decision, on July 15, 2024, the Defense changed course. It agreed to stipulate to the authenticity of the digital and audio recordings in question. Such a stipulation is no different than the stipulation that defense and government counsel reach in drug cases regarding the authenticity of the drugs. Such a stipulation obviates the need for the witnesses to testify in secret, precludes the need for disguises, allows for an open and public courtroom, and nullifies the Government's witness safety concerns. Surprisingly, the Government opposes the Defense's proposed stipulation.

That the Government opposes the Defense's stipulation *suggests* it intends to elicit more from these secret witnesses than its proffered purpose of pure authentication of documents and recordings. The Government's position also calls into question the concerns around safeguarding the witnesses' secret identities; the Defense is offering a solution that would nullify the need of having the secret witnesses come to court at all, and yet it is the *Government* insisting upon their in-court appearance. Given the Government's doggedness to call these secret witnesses, it appears they will testify in a manner designed to do much more than the Court allowed. As a result, it appears that the Court's premonition has come true and Mr. Russell must "be free to raise his Confrontation Clause argument anew." Memo. Op. at 5. n.4. But not only does the Government's position renew the Defense's Sixth Amendment concerns, the Government's position raises Fifth Amendment concerns as the Defense must now be able to independently and investigate the witnesses' veracity and credibility without governmental limitations. That is only fair.

As mentioned, the Court "disfavors witness anonymity." Memo. Op. at 4. Given this newly discovered information (i.e., 1) the Defense's stipulation, 2) the Government's refusal to

accept the stipulation, and 3) the now apparent enlarged scope of the Government witnesses' secret testimony), the Court must reconsider its Order allowing witness anonymity. On these new facts, the Court should rescind its Order as now moot and order the Government to accept the stipulation, which assuages all of the Government's concerns. To do less, is to violate the constitutional rights of the accused under the Fifth and Sixth Amendments and his protections under Federal Rule of Criminal Procedure 16.

## CONCLUSION

For the above-mentioned reasons, the Defense respectfully requests that the Court reconsider its Order as now moot and order the Government to accept the Defense's stipulation, given the law and the changed circumstances.

Dated: July 16, 2024                    Respectfully submitted,

/s/ Ian J. Goldstein
Ian J. Goldstein (Admitted *pro hac vice*)
ian@iangoldsteinlaw.com
LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950

/s/Kobie A. Flowers
Kobie A. Flowers (Bar No. 16511)
kflowers@browngold.com
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030

Counsel for Brandon Russell

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed via CM/ECF which will serve all parties of record on this 16th Day of July, 2024.

**/s/Kobie A. Flowers**
Kobie A. Flowers (Bar No. 16511)
kflowers@browngold.com
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030