IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO.  JKB-23-0056** |
| : | |
| **BRANDON CLINT RUSSELL,** : | |
| **Defendant.** : | |
| : | |
| : | |

...oOo...

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER COURT'S ORDER REGARDING UNDERCOVER WITNESSES

The United States of America, by its undersigned attorneys, opposes the defendant's Motion to Reconsider Court's Order Regarding Undercover Witnesses, and states as follows.

The defendant's request for this Court to reconsider its ruling on the government's Motion for Protective Order Regarding Undercover Witnesses should be denied because it fails to meet the high standard required to grant such a motion. Specifically, the defendant does not cite any new evidence, any intervening change in controlling law, or a need to correct a clear error of law or prevent manifest injustice in support of his motion. Instead, he claims that in light of the Court's decision to grant the requested security measures for the undercover witnesses, he has changed his trial strategy and now wishes to stipulate to the authenticity of "the relevant digital and audio recordings of Mr. Russell." ECF 136 at 1. Because the government has declined to so stipulate, as is its right, the defendant then "suggests" that the government, in essence, lied to the Court as to its intent to limit the scope of the undercover witnesses' testimony at trial, and therefore, the Court ought to reconsider its decision to grant the government's motion for a protective order. *Id.* at 5. The defendant's "suggestion" is absolutely unfounded and

1

unwarranted. His motion to reconsider is nothing more than an improper and thinly veiled attempt to dictate the manner and means by which the government presents its evidence at the trial of this case.

## ARGUMENT

A. Applicable Standard for A Motion to Reconsider.

It is well-established that "[m]otions for reconsideration are disfavored." *Verduzco v. Mulligan*, 2019 WL 5188929, at *1 (D. Ariz. Oct. 15, 2019); *Rhoades v. Blue Chip Property Mgmt., Inc.*, 2008 WL 3166242, at * 1 (N.D. Ohio Aug. 4, 2008 at *1); *Miller v. Rosenker*, 2008 WL 11403193, at * 1 (D.D.C. Sept. 4, 2008). Reconsideration is an extraordinary remedy that is available only in highly unusual circumstances. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Federal Rules of Criminal Procedure do not address whether a party may move for reconsideration of a decided motion, but the courts generally evaluate such a motion using the standards applicable under Federal Rule of Civil Procedure 59(e). *United States v. Carroll*, 2012 WL 5350364, at *1 (E.D.N.C. Oct. 29, 2012) (collecting cases). Under those standards, a court may entertain a motion to reconsider its ruling on a motion to suppress in order (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice. *Id*. (*citing Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)); *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (a motion to reconsider will only be granted where the moving party presents new facts or a clear error of law that compel a change in the court's ruling). "In general, 'reconsideration of a judgment alter its entry is an extraordinary remedy that should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th

Cir. 1998) (*quoting* 11 Charles Alan Wright, *et al.*, *Federal Practice and Procedure*, § 2810.1 at 124).

> B. The Defendant's Motion Does Not Identify Any Legitimate Basis Upon Which this Court Should Reconsider its Decision to Issue the Protective Order Regarding <u>Undercover Witnesses.</u>

On its face, the defendant's motion fails to meet any of the standards for granting a motion to reconsider. Factually and legally, nothing of substance has changed since the parties fully briefed their positions, the Court heard argument, and then issued its ruling and memorandum opinion on July 2, 2024.

Unable to point to any new evidence or intervening legal developments, the defendant nonetheless has attempted to create a false scenario of alleged changed circumstances that he says undermines the factual basis for the Court's ruling. The defendant claims that the government's refusal to agree with his new trial strategy of stipulating to the authenticity of much of the government's evidence means that one of the grounds for the Court's decision, namely that the testimony of the undercover witnesses would be limited to authenticating the messages and conversations in which the witnesses participated or witnessed, is no longer true.[1] The defendant concludes that this must be the case because he apparently can conceive of no other reason for the government's refusal to enter into such a stipulation. The defendant is wrong.

The "familiar, standard rule [is] that the prosecution is entitled to prove its case by evidence of its own choice, or more exactly, that *a criminal defendant may not stipulate or admit*

---

[1] By way of clarification, the government intends to introduce through Confidential Human Source #1 ("CHS #1") not just the conversations and messages between CHS #1 and Russell, but also those between CHS #1 and co-conspirator Clendaniel as proof of the conspiracy. The government similarly intends to elicit testimony from CHS #1 only for purposes of authenticating those communications.

*his way out of the full evidentiary force of the case as the Government chooses to present it.*" *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997) (emphasis added). The reason for this rule "is to permit a party 'to present to the jury a picture of the events relied upon. To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight.'" *Parr v. United States*, 255 F.2d 86, 88 (5th Cir.1958), quoting *Dunning v. Maine Central R. Co.*, 39 A.352, 356 (1897). *Cf. United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023)("When performing the evaluation required by Rule 403, the court must keep in mind 'the offering party's need for evidentiary richness and narrative integrity in presenting a case'"), quoting *Old Chief v. United States*, 519 U.S. at 183.

In *Old Chief v. United States*, the Supreme Court further expanded on the importance of the government's right to refuse to enter into stipulations as follows:

> But there is something even more to the prosecution's interest in resisting efforts to replace the evidence of its choice with admissions and stipulations, for beyond the power of conventional evidence to support allegations and give life to the moral underpinnings of law's claims, there lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be…. Expectations may also arise in jurors' minds simply from the experience of a trial itself. The use of witnesses to describe a train of events naturally related can raise the prospect of learning about every ingredient of that natural sequence the same way. If suddenly the prosecution presents some occurrence in the series differently, as by announcing a stipulation or admission, the effect may be like saying 'never mind what's behind the door,' and jurors may well wonder what they are being kept from knowing. A party seemingly responsible for cloaking something has reason for apprehension, and the prosecution with its burden of proof may prudently demur at a defense request to interrupt the flow of evidence telling the story in the usual way.

519 U.S. at 188-89. These authorities make abundantly clear that the manner in which the government chooses to present its evidence at trial is solely a matter for the government to decide, in keeping with the applicable rules of evidence, of course.

As undersigned counsel represented to this Court at the hearing on June 27, 2024, and reiterates here, the government intends to call the covert witnesses at trial to authenticate the

4

relevant messages, social media postings and recordings to the jury. That evidence includes not just the conversations with defendant Russell, but also those with co-conspirator Clendaniel. The government believes it is important and necessary for the jury to hear from those witnesses as part of its presentation of the case, even though their testimony will be limited to identifying the dates, participants and contents of the messages and recordings as authentic. The government's decision to call the covert witnesses, rather than accede to the defendant's proposed stipulation, is entirely appropriate and certainly not an indication that the government is not being truthful with the Court, as the defendant "suggests."

Moreover, the Court's ruling does not permit the covert witnesses to testify "in secret," as the defendant repeatedly alleges. *See* ECF 136 at 3, 4 and 5. To the contrary, the witnesses will appear in open court where the parties, the jury, and the Court can observe and hear their testimony on both direct and cross-examination. Members of the public will be able to hear that testimony live via audio from another courtroom. Their testimony will not be secret in any way, only their true identities and true physical appearances will be concealed for safety reasons.

In short, there is no basis for this Court to reconsider its ruling, much less for it to force the government to stipulate to the authenticity of the bulk of its trial evidence and not call its witnesses, as the defendant demands. As the Supreme Court and other authorities have recognized, the government has an exceedingly strong interest in choosing how to present its case to a jury. In this case, that interest includes ensuring the use of live witnesses to authenticate evidence that is at the heart of its proof of the crime charged. Moreover, introducing the relevant communications to the jury by way of live witnesses, rather than by way of dry stipulation, is not in any way unfair or unduly prejudicial to the defendant.

## CONCLUSION

The defendant has not satisfied his burden of establishing that there is a legitimate basis for this Court to reconsider its ruling as to the Protective Order. Instead, his motion reflects a blatant effort to control the government's trial presentation by attempting to stipulate away the issue of authenticity, which would strip the government of its ability to call its witnesses as it deems necessary in order to satisfy its burden of proof, and then falsely accusing the government of having improper motives for refusing to enter into the stipulation.

For the foregoing reasons, the defendant's Motion to Reconsider Court's Order Regarding Undercover Witnesses should be denied.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
Kathleen O. Gavin
Michael F. Aubin
Assistant United States Attorneys
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

*FILED VIA ECF/CM*