IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. 23-00056-JKB |
| BRANDON CLINT RUSSELL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

On Tuesday, July 23, 2024, the Court held an *ex parte* conference with Government counsel in the Baltimore courthouse's Secure Compartmented Information Facility ("SCIF").

## I. Background

Defendant is charged with conspiracy to damage an energy facility in violation of 18 U.S.C. § 1366(a), and a jury trial is scheduled for November 2024. (ECF Nos. 25, 122.) Defendant has filed a "Motion to Compel the Government to Provide Notice of Its Intent to Use or Disclose Information Obtained or Derived from Surveillance Conducted Pursuant to Section 702 of the Foreign Surveillance Act" (the "Motion to Compel"). (ECF No. 107.) The Court held a hearing on Defendant's Motion to Compel, along with several motions filed by the Government, on June 27, 2024, and subsequently denied the Motion to Compel without prejudice. (*See* ECF No. 134 at 1.)

In short, the Motion to Compel alleges that the Government plans to use information obtained or derived from an electronic surveillance of Defendant pursuant to Section 702 of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1881a, and that the Government is unlawfully refusing to provide Defendant with notice of this fact. (*See generally* ECF No. 107.) Under 50 U.S.C. § 1806(c), and as relevant here, "[w]henever the Government intends to enter

into evidence or otherwise use or disclose in any trial . . . against an aggrieved person, any information obtained or derived from an electronic surveillance of that aggrieved person pursuant to [FISA], the Government shall, prior to the trial . . . notify the aggrieved person and the court . . . in which the information is to be disclosed or used that the Government intends to so disclose or so use such information."

As the Court has previously explained, Defendant contended both in his briefing and at the June 27 Motions Hearing that the Government has a track record of failing to provide notice of Section 702 surveillance, and he contends that the Government is deciding, on an *ex parte* and secret basis, that any information that might have been obtained pursuant to Section 702 surveillance is too attenuated or is otherwise too unrelated to any evidence that would be produced at trial, such that no evidence would, as a matter of law, be "obtained or derived from" Section 702 surveillance. (*See* ECF No. 134 at 10–11.) Defendant argues that he is entitled to notice so that he can obtain judicial review of the question of whether any evidence that will be used at trial was obtained or derived from Section 702 surveillance. Moreover, Defendant points to a series of public statements by senior FBI officials about how Section 702 was used to thwart a domestic terror plot, and argues that his case is the only case that is consistent with the FBI's statements (thus implying that the FBI did in fact use Section 702 in its investigation of him). (*See id.*)

The Court observed that Defendant's Motion to Compel raised "difficult questions about a complex statutory scheme and its intersection with constitutional and other protections." (*Id.* at 11.) Moreover, the Court observed that neither party had briefed the threshold question of "the extent to which this Court has the authority to compel the Government to produce a § 702 notice, or explain why such notice was not forthcoming, in a situation where the Government has stated on the record that it has determined that such notice is not warranted." (*Id.*) Accordingly, the

Court suggested—and the parties agreed in open court—that these issues could be at least clarified, if not resolved, through an *in camera* and *ex parte* briefing with the Government, in which the Government could explain to the Court the classified answer to the question of whether it used Section 702 in any way in its investigation or prosecution of Defendant. (*Id.* at 12.)

The Court's July 23 *in camera* conference (the "Conference") with the Government followed. At the Conference, the Court reviewed certain classified written submissions and oral representations proffered by Government counsel.

## II.   Discussion

On the basis of the Conference, the Court is satisfied that the Government will not introduce or otherwise use at trial or any other proceeding in this case any evidence obtained or derived from an electronic surveillance of Defendant pursuant to FISA Section 702. The Court finds that there is no basis on which to believe or suspect that the rights of Defendant have been violated in any way with respect to any government activities authorized by FISA. Accordingly, Defendant is not entitled to notice under 50 U.S.C. § 1806(c).

The Court has prepared a separate, *ex parte* classified Report on the Conference, which the Court will issue simultaneously with this unclassified Memorandum. The Report, along with the Government's classified written submissions, will be stored in a manner appropriate for their classification status and will be preserved so that they may be made available during any future appellate review.

DATED this 7 day of August, 2024.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
United States District Judge