IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

                        CASE NO.: 1:23-CR-00056-JKB

vs.

BRANDON CLINT RUSSELL,

_____/

**MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE
AND REFERENCES TO NEO-NAZISM OR THE ATOMWAFFEN DIVISION**

      Brandon Russell hereby files this Motion in Limine, requesting that the Court order the Government and its witnesses to refrain from making any reference to the items listed in their Notice of Intent to Introduce Evidence Pursuant to FRE 404(b), as well as any reference to Mr. Russell being an alleged Neo-Nazi or a member, founder or leader of the Atomwaffen Division, and in support thereof would show as follows:

    1.    In a letter accompanying its tenth discovery production of May 8, 2024, on pages 3 and 4, the Government includes a Notice of Intent to Introduce Evidence Pursuant to FRE 404(b).

    2.    None of the thirteen (13) items listed in said Notice fall under FRE 404(b).

    3.    Federal Rule of Evidence 404(b) provides as follows:

> **(b) Other Crimes, Wrongs, or Acts.**
>
> **(1)** *Prohibited Uses.* Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2)** *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

> **(3)** *Notice in a Criminal Case.* In a criminal case, the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)** do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

4. While the Government has provided limited notice under the rule, the Government has failed to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid 404(b)(3)(B). Therefore, the Government has not provided proper and complete notice pursuant to the Rule.

5. The indictment in this case charges a conspiracy in January and February of 2023. Each of the 13 items listed by the Government contain statements and posts allegedly made by Mr. Russell on public forums in 2022. Even if true, these statements are not admissible under 404(b) because they are offered solely for the purpose of proving Mr. Russell's "character in order to show that on a particular occasion [he] acted in accordance with the character" as prohibited by Fed. R. Evid. 404(b)(1) ("prohibited uses").

6. None of the items listed by the Government prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" in the instant case). Fed. R. Evid. 404(b)(2).

7. The specific "acts" at issue are a series of statements allegedly made in public online chatrooms, indicating what he would like to see happen, as well as the distribution of publicly available information including websites and publications. Some of these items discuss issues wholly irrelevant to this case, such as the use of mylar balloons or "pulling out rail spikes."

These are not "acts" as contemplated by Rule 404(b), but rather statements which constitute free speech and express his personal feelings and opinions.

8. Furthermore, none of the listed "acts" are probative of guilt in the instant case. Any probative value they may have are outweighed by the danger of unfair prejudice to Mr. Russell. The same is true for any references the Government intends to make about:

    a. Mr. Russell being an alleged neo-nazi;

    b. The Atomwaffen Division;

    c. Mr. Russell's prior incarceration or his status on supervised release.

Wherefore, counsel would respectfully request that this Honorable Court enter its Order in Limine precluding any reference to the matters set forth above.

Dated: October 18, 2024                        Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950

**/s/Kobie A. Flowers**
Kobie A. Flowers (Bar No. 16511)

Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030

Counsel for Brandon Russell

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed via CM/ECF which will serve all parties of record on this 18th day of October, 2024.

        Respectfully submitted,

        **/s/ Ian J. Goldstein**
        Ian J. Goldstein (Admitted *pro hac vice*)

        LAW OFFICES OF IAN GOLDSTEIN P.A.
        330 Clematis Street, Suite 209
        West Palm Beach, FL 33401
        Tel: (561) 600-0950