IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. JKB-23-0056 |
| BRANDON CLINT RUSSELL, | : |
| Defendants. | : |

...oOo...

**GOVERNMENT'S UNOPPOSED MOTION FOR CONTINUANCE AND EIGHTH MOTION FOR ORDER REGARDING SPEEDY TRIAL STATUS**

The United States of America, by its undersigned attorneys, hereby moves for the entry of an Order regarding the scheduled trial date, and the Speedy Trial status of this matter. In support of this motion, the government states as follows:

1. On February 14, 2023, the grand jury returned a one count Indictment against the defendant Brandon Clint Russell, charging him with conspiracy to damage an energy facility in violation of 18 U.S.C. § 1366(a).

2. On March 10, 2023, the defendant made his initial appearance and was arraigned on the Indictment in this Court.

3. Between March, 2023, and June, 2024, the Court granted requests by the defendant to allow additional periods of time for the defense to review the discovery in this case.

4. The Court has also granted seven unopposed government motions for orders regarding Speedy Trial Status and scheduled trial to commence on November 12, 2024. ECF 43, 51, 54, 57, 60, 70, and 126 (as amended by ECF 150). As a result of those orders, the computation of the period of time in which the defendant must be tried began on March 22, 2023, and excluded

the period of time between March 22, 2023, and November 12, 2024.

5. Moreover, the last tolling coincided with a continuance of the trial date from the previously scheduled trial date of July 8, 2024, to November 12, 2024, due to unforeseen scheduling issues. ECF 122. The Court held that changes in the scheduled would only be permitted for good cause shown. *Id*.

6. In the pendency of trial, prior counsel for the government, Assistant United States Attorney Kathleen Gavin, retired and moved to withdraw her appearance, and new counsel, Assistant United States Attorney Joseph Baldwin, entered his appearance. ECF 173 and 174.

7. The volume of discovery and complexity of issues in this case are substantial. Counsel for the government is diligently reviewing discovery and identifying witnesses and exhibits for trial (in addition to other cases and investigations). Notwithstanding the previous work done before an earlier trial date, given the volume of data, complexity of the issues (multiple Confidential Human Sources, three experts, significant electronic and physical evidence), and recent addition of new Government counsel, Government counsel need an additional reasonable period of time for trial preparation. *See* 18 U.S.C. §3161(h)(7)(B)(ii) & (iv). Government counsel submits, however, that an additional four to six weeks would be sufficient to adequately prepare for trial.

8. Under the Speedy Trial Act, a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

9. The Speedy Trial Act permits a trial court to continue a trial date beyond the seventy-day limit if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant

in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A). In deciding whether to grant such a continuance, the Court may consider, inter alia, whether the failure to grant the continuance would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

10. The discovery in this case includes various electronic devices seized pursuant to the execution of search warrants and is therefore voluminous. Counsel for the defendants will need additional time to review that discovery in order to effectively prepare for trial, and if appropriate, engage in plea discussions, taking into account the exercise of due diligence.

11. Government counsel has conferred with counsel for the defendant, who advised that he does not object and will not oppose a continuance of the trial date as well as additional tolling of Speedy Trial.

WHEREFORE, the United States respectfully requests that, good cause having been shown, this Court enter an Order granting the consent motion to continue the trial date to a date to be determined by the Court, in consultation with each party. The government further requests that this Court enter an Order finding that the computation of the period of time in which the defendant must be tried under the Speedy Trial Act began on March 22, 2023, and excludes the period of time between March 22, 2023, and the requested date to be determined.

A proposed Order is attached for the Court's consideration.

                    Respectfully submitted,

                    Erek L. Barron
                    United States Attorney

By: _____
                    Michael F. Aubin
                    Joseph R. Baldwin
                    Assistant United States Attorneys
                    *FILED VIA ECF/CM*