IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | *   Crim. No. JKB-23-0056 |
| BRANDON CLINT RUSSELL, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

The Court has reviewed the Government's *Ex Parte* Motion to Withhold from Discovery (ECF No. 180), which seeks a Court order permitting it to withhold certain information from the Defendant to which he might otherwise be entitled. The *Ex Parte* Motion will be denied for failure to make an adequate showing of entitlement to relief, without prejudice to reconsideration.[1]

The Government has brought a serious charge against the Defendant, who is presumed to be innocent. The Court has already granted considerable leeway to the Government to protect witnesses' identities by permitting certain witnesses to testify in light disguise and under pseudonym, having determined that such measures are consistent with the Defendant's constitutional rights. (*See* ECF No. 134.) But given the restrictions already in place, any requests for further restrictions must be amply supported and will be carefully scrutinized. The right of every criminal defendant to a fair trial is, after all, "the most fundamental of all freedoms."

---

[1] The Government has also filed a Motion to Seal the *Ex Parte* Motion. (ECF No. 179.) The Court has independently reviewed the Motion to Seal under the applicable caselaw. *See Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). The Motion to Seal will be granted, because the *Ex Parte* Motion contains information that could lead to the identification of a confidential witness's identity, and no alternative to sealing would adequately protect the Government's compelling interest in maintaining the witness's confidentiality. However, this Memorandum and Order is not sealed as it contains no information that should be withheld from public view.

*Hirschkop v. Snead*, 594 F.2d 356, 363 (4th Cir. 1979) (quoting *Estes v. Texas*, 381 U.S. 532, 540 (1965)). The Court is also mindful of its obligations under the Jencks Act, 18 U.S.C. § 3500, which was "designed to further the fair and just administration of criminal justice, a goal of which the judiciary is the special guardian." *Campbell v. United States*, 365 U.S. 85, 92 (1961).

In the circumstances of this case, the Government's briefing in support of the *Ex Parte* Motion is inadequate. It is a scant five pages, and contains neither citation to, nor discussion of, the Jencks Act, relevant constitutional provisions, or controlling caselaw. It instead contains a single citation to Federal Rule of Criminal Procedure 16(d)(1), and another to one out-of-circuit district court opinion from nearly twenty years ago. (*See generally* ECF No. 180.)

The Court is not a rubber stamp for the Government. If the Government wishes to obtain a Court order permitting it to withhold information from discovery, it bears the burden of persuading the Court that such an order is appropriate under the law and warranted under the circumstances of this case. Because the briefing accompanying the Government's current motion does not meet that burden, the motion will be denied.

Accordingly, it is ORDERED that:

1. The Government's *Ex Parte* Motion to Withhold from Discovery (ECF No. 180) is DENIED WITHOUT PREJUDICE.
2. The Government's Motion to Seal the *Ex Parte* Motion (ECF No. 179) is GRANTED.
3. If the Government wishes to renew the substance of the *Ex Parte* Motion, the Government SHALL FILE, on or before December 2, 2024, a renewed *ex parte* motion, accompanied by a proposed order and briefing that is adequately supported in law and fact. Such *ex parte* briefing must address at least the following issues:

a. The statutory framework of the Jencks Act, 18 U.S.C. § 3500, and whether any information sought to be withheld would "relate[] to the subject matter as to which the witness has testified" within the meaning of the statute;

b. Whether, if the Court finds that the information would "relate[] to the subject matter as to which the witness has testified," the Court has the authority—statutory or otherwise—to nevertheless withhold such information on the grounds of witness safety or on other grounds, and if so, the findings on which such withholding would need to be predicated;

c. Whether the Court may, and/or should, consistent with the Jencks Act, order the Government to produce summaries of materials to which the Defendant would otherwise be entitled under the terms of that Act; and

d. Whether the Government's requested relief is consistent with the protections accorded to criminal defendants by the Confrontation Clause, the Due Process Clause, and any other provisions that may be applicable.

DATED this 30 day of October, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge