IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. JKB-23-0056 |
| | : |
| BRANDON CLINT RUSSELL, | : |
| Defendant. | : |
| | : |
| | : |

...oOo...

## MOTION TO SEAL

The United States of America, by its undersigned attorneys, hereby moves this Honorable Court for the entry of an Order sealing the Government's Supplement to *Ex Parte* Motion to Withhold From Discovery and proposed Order. As grounds for this motion, the government states as follows:

1. The Government's *Ex Parte* Motion to Withhold From Discovery contains information relating to documents that, if disclosed, would likely lead to the identification of a covert witness's true identity, and thereby endanger the witness' safety and ability to continue to work in a covert capacity in ongoing and future criminal investigations. Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the government is seeking this relief *ex parte*.

2. The Fourth Circuit has recognized that the sealing of an indictment may be granted upon a showing of "any legitimate prosecutorial need." *United States v. Ramey*, 791 F.2d

1

317, 321 (4th Cir. 1986). Such "legitimate prosecutorial needs" include "protection of cooperating witnesses, and insulation of witnesses from harassment or 'undue influence.'" *Id.* at 318-20. To seal an affidavit for a search warrant, the government must demonstrate that: (1) there is a compelling government interest requiring materials to be kept under seal and (2) there is no less restrictive means, such as redaction, available. *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584 (D. Md. 2004). While the government's request here relates to a supplement to a motion regarding discovery filed pursuant to Rule 16(d)(1) and 26.2 of the Federal Rules of Criminal Procedure, there is a compelling reason to seal the supplement to the motion, which is to protect the safety of a witness and the witness' ability to continue to participate in ongoing and future criminal investigations.

3. The procedures for sealing are set forth in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989). "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing . . . ." *Id.* at 65. The Court's reasons for sealing should also be sealed. *Id.*

WHEREFORE, the government respectfully requests that its *Ex Parte* Supplement Motion to Withhold and/or Defer Discovery, and the Court's reasons for sealing, if made express in its order, be sealed until further order of this Court.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: JOSEPH BALDWIN
*Digitally signed by JOSEPH BALDWIN*
*Date: 2025.01.13 09:43:14 -05'00'*

Michael K. Aubin
Joseph R. Baldwin
Assistant United States Attorneys

2