## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | * | Crim. No. JKB-23-0056 |
| BRANDON CLINT RUSSELL, | * | |
| Defendant. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ORDER

Pursuant to Rule 30, Federal Rules of Criminal Procedure, the Court previously solicited the parties' proposals as to jury instructions in this case. Subsequently, the parties submitted their jointly proposed jury instructions. (ECF No. 116.) No party objected to the joint proposal, nor did either party separately propose additional instructions. The only exception to the above is that the Defendant objected to inclusion of the word "advised" in the tenth paragraph of proposed Jury Instruction 34 (Second Element: Membership in the Conspiracy). (ECF No. 120.)

The Court now circulates to the parties the instructions that it proposes to deliver to the jury at the conclusion of this trial. (Attachment 1.) The Court will conduct a conference on the jury instructions near or at the end of evidence. The parties are invited to note their objections and/or to propose other instructions as they deem appropriate, before or during the jury instructions conference.

A jury instructions conference is set in for 4:00 pm on February 3, 2025, in Courtroom 5A.

The Clerk shall docket this Order and the accompanying Attachment.

DATED this 31st day of January, 2025.

BY THE COURT:

/s/ **JAMES K. BREDAR**
James K. Bredar
United States District Judge

## ATTACHMENT 1

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

# Contents

JURY INSTRUCTION 1 (Roles of Judge and Jury).......................................................................... 3

JURY INSTRUCTION 2 (Jury's Duty to Decide Facts)................................................................. 4

JURY INSTRUCTION 3 (Bias, Prejudice; Gov't as Party)........................................................... 5

JURY INSTRUCTION 4 (Improper Considerations) ..................................................................... 6

JURY INSTRUCTION 5 (Sympathy)............................................................................................. 7

JURY INSTRUCTION 6 (Conduct of Counsel; Exhibits Not Received; Stricken Testimony; Stipulation; Outside Sources; Incorporation of Assumed Facts on Cross-Examination)............... 8

JURY INSTRUCTION 7 (Duty of Counsel to Object; Rulings on Legal Questions by Judge; Bench Conferences).................................................................................................................... 9

JURY INSTRUCTION 8 (Charts, Schedules, Summaries).......................................................... 10

JURY INSTRUCTION 9 (Nature of Indictment; Burden of Proof; Presumption of Innocence) 11

JURY INSTRUCTION 10 (Jury to Consider Only This Defendant and Only This Charge)....... 13

JURY INSTRUCTION 11 (Direct and Circumstantial Evidence)................................................ 14

JURY INSTRUCTION 12 (Inference)........................................................................................... 16

JURY INSTRUCTION 13 (Credibility of Witnesses; Interest in Outcome; Law Enforcement or Federal Employee Witnesses)..................................................................................................... 17

JURY INSTRUCTION 14 (Expert Witness (Generally)) ............................................................ 20

JURY INSTRUCTION 15 (Use of Undercover Agents and Informants When Entrapment Not a Defense) ..................................................................................................................................... 21

JURY INSTRUCTION 16 (Defendant's Decision Not to Testify).............................................. 22

JURY INSTRUCTION 16A (Testimony of the Defendant) ........................................................ 23

JURY INSTRUCTION 17 (Specific Investigative Techniques Not Required; Gov't Not Required to Call All Possible Witnesses or Present All Exhibits) ............................................................. 24

JURY INSTRUCTION 18 (Validity of Search and Seizure) ....................................................... 25

JURY INSTRUCTION 19 (Intro to Specific Crime Instructions) ............................................... 26

JURY INSTRUCTION 20 (Variance – Dates).............................................................................. 27

JURY INSTRUCTION 21 (Knowingly; Willful Blindness)........................................................ 28

JURY INSTRUCTION 22 (Willfully)........................................................................................... 29

JURY INSTRUCTION 23 (Intentionally)..................................................................................... 30

JURY INSTRUCTION 24 (Intent – Inferences) ........................................................................... 31

JURY INSTRUCTION 25 (Knowledge, Willfulness, Intent)...................................................... 32

JURY INSTRUCTION 26 (Secretive Behavior).......................................................................... 33

*United States v. Brandon Clint Russell*, JKB-23-0056
## Jury Instructions

JURY INSTRUCTION 27 (Using Motive for Intent) ....................................................................... 34

JURY INSTRUCTION 28 (Intentionally Left Blank) ..................................................................... 35

JURY INSTRUCTION 29 (Consensual Recordings) ..................................................................... 36

JURY INSTRUCTION 31 (Elements of the Crime) ....................................................................... 37

JURY INSTRUCTION 32 (Energy Facility – Defined) .................................................................. 38

JURY INSTRUCTION 33 (First Element: Existence of Agreement) ............................................. 39

JURY INSTRUCTION 34 (Second Element: Membership in the Conspiracy) ............................. 40

JURY INSTRUCTION 34A (Government Agent Cannot Be Co-Conspirator) ............................. 43

JURY INSTRUCTION 35 (Penalty Not Proper Consideration) .................................................... 44

JURY INSTRUCTION 36 (Concluding Instructions) ..................................................................... 45

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 1 (Roles of Judge and Jury)

MEMBERS OF THE JURY:

Thank you for your patience and attention throughout this case. I shall now instruct you as to the law applicable to the case before you.

Let me explain our respective roles, which are quite different. It is my duty as Judge to instruct you as to the law that applies to this case. It is your duty to decide the facts and, in deciding these facts, to comply with the rules of law and apply them as I state them to you without regard to what you think the law is or should be.

On these legal matters, you are required to follow the law exactly as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

None of you should be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be— it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

3

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 2 (Jury's Duty to Decide Facts)

Your duty is to pass upon and decide the factual issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters, I instruct you to disregard it.

4

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 3 (Bias, Prejudice; Gov't as Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime. The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a case in litigation. By the same token, the government is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

5

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 4 (Improper Considerations)

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national or ethnic origin, sex, or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

6

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 5 (Sympathy)

Under your oath as jurors, it would be improper for you to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crime charged solely on the basis of the evidence and subject to the law as I instruct you. If you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of not guilty. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

7

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 6 (Conduct of Counsel; Exhibits Not Received; Stricken Testimony; Stipulation; Outside Sources; Incorporation of Assumed Facts on Cross-Examination)**

The statements, objections, and arguments of counsel are not evidence and should not be considered by you as evidence. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations.

Exhibits that were marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence. Admitted exhibits will be available for your review.

You are to disregard any testimony when I have ordered it to be stricken.

Only the witnesses' answers are evidence and you are not to consider a question as evidence.

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

Anything you may have seen or heard outside the courtroom, including any newspaper or media publicity of any kind, is not evidence and must be entirely disregarded. You must limit the information you get about the case to what came to you in the courtroom through the rules of evidence.

I remind you, ladies and gentlemen, that questions are not evidence, but answers are.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 7 (Duty of Counsel to Object; Rulings on Legal Questions by Judge; Bench Conferences)**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. The attorneys also have the right and duty to ask me to make rulings of law and to request conferences at the bench out of the hearing of the jury. All those questions of law must be decided by me. You should not hold any prejudice against an attorney or the client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

9

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 8 (Charts, Schedules, Summaries)

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. The charts and summaries are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. So, while you are entitled to consider them, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

10

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 9 (Nature of Indictment; Burden of Proof; Presumption of Innocence)**

The defendant is charged in a charging instrument, an indictment, with a crime about which I will instruct you shortly. Each charge is called a "count." I will refer to each count by the number assigned to it in the indictment, which I will refer to simply as "the indictment" in these instructions. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

Although the defendant has been indicted, you must remember that an indictment is only an accusation to which the defendant has pleaded not guilty. The indictment itself is not evidence.

As a result of the defendant's plea of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of the charges against him. I therefore instruct you that the defendant is presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial

11

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

consideration of all of the evidence in this case. If the government fails to sustain its

burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him

even now as I speak to you and will continue with him into your deliberations unless and

until you are convinced that the government has proven the defendant's guilt beyond a

reasonable doubt.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 10 (Jury to Consider Only This Defendant and Only This Charge)**

You are about to be asked to decide whether or not the government has proven

beyond a reasonable doubt the guilt of this defendant, Brandon Clint Russell. You are not

being asked whether any other person has been proven guilty. Your verdict should be

based solely upon the evidence or lack of evidence as to this defendant, in accordance

with my instructions and without regard to whether the guilt of other people has or has

not been proven.

Sand, Siffert, *Modern Fed. Jury Instructions*, 2-18.

13

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 11 (Direct and Circumstantial Evidence)

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard, or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses—what he sees, feels, touches, or hears—that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Let me give you a simple example of circumstantial evidence.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

14

*United States v. Brandon Clint Russell*, JKB-23-0056
## Jury Instructions

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 12 (Inference)

During the trial, you have heard the attorneys use the term "inference," and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but are not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here, again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict him.

16

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 13 (Credibility of Witnesses; Interest in Outcome; Law Enforcement or Federal Employee Witnesses)

Because you, the jurors, are the sole judges of the facts, you are also the sole judges of the credibility of the witnesses, and it is up to you to decide what weight, if any, should be given to a witness's testimony. You are not required to believe any witness even though his or her testimony is uncontradicted.

In deciding whether or not to believe a witness, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

You should consider a witness's demeanor and manner of testifying on the stand. Was the witness candid, frank, and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination? Was the witness consistent in his or her testimony or did he or she contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

You should also consider whether a witness may have been biased. Does the witness have a relationship with the government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth; or does the witness have some bias, prejudice, or hostility

17

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

Another consideration is the witness's opportunity to observe the matters about which he or she testified, as well as the witness's ability to express himself or herself.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always ask yourself whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You have heard the testimony of law enforcement officials and other employees of federal/state agencies]. The fact that a witness may be employed by the federal government as a law enforcement official or other federal employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. The fact that a witness may be employed by the federal government or as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

18

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

It is your decision, after reviewing all the evidence, whether to accept the testimony of a federal employee or law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

After you have considered all of the factors bearing upon the credibility of a witness that I have mentioned to you, you may decide to accept all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness. In other words, you may give the testimony of any witness such credibility and weight, if any, as you may think it deserves.

19

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 14 (Expert Witness (Generally))

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Sand, Siffert, *Modern Federal Jury Instructions*, 7-21.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 15 (Use of Undercover Agents and Informants When Entrapment Not a Defense)**

You have heard testimony from undercover agents and paid informants who were employed by the government to investigate the defendant.

Sometimes the government uses undercover agents and informants who may conceal their true identities in order to investigate suspected violations of the law. There is nothing improper or illegal with the government using these techniques, so long as the defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case. Indeed, certain types of evidence would be extremely difficult to detect without the use of undercover agents and informants.

Whether or not you approve of the use of an informant or undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

Sand, Siffert, *Modern Federal Jury Instructions*, 5-23.

21

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 16 (Defendant's Decision Not to Testify)[1]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

---

[1] The Court will deliver either Jury Instruction 16, or Jury Instruction 16A, depending on whether the Defendant elects to testify.

22

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 16A (Testimony of the Defendant)

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

Sand, Siffert, *Modern Fed. Jury Instructions*, 7.01.

23

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 17 (Specific Investigative Techniques Not Required; Gov't Not Required to Call All Possible Witnesses or Present All Exhibits)**

You are instructed that there is no legal requirement for the government to use any specific investigative technique to prove its case. The particular law enforcement techniques used or not used in this case are not your concern. Moreover, the law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

24

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 18 (Validity of Search and Seizure)

You have also heard testimony in this case regarding evidence seized by the government during the execution of search warrants. A search warrant is a court order that authorizes law enforcement officers to search a place that is otherwise private. You are hereby instructed that it is the responsibility of the Court alone to determine the validity and legality of those search warrants and other searches, and the Court has determined that the searches in this case were valid and legal. The fact that a court has found probable cause to issue search warrants is not evidence and should not be considered by you. Only the evidence seized and admitted during the trial may be considered by you. It is up to you to decide what significance, if any, the evidence seized may have in this case.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 19 (Intro to Specific Crime Instructions)

We shall next consider the crime with which the defendant is charged in the indictment, and I shall discuss with you the rules of law that govern whether the crime charged has been proven. The alleged crime is charged in what is called a count.

The indictment charges the defendant with one count of Conspiracy to Damage an Energy Facility, in violation of Section 1366(a) of Title 18 of the United States Code. This section provides:

> Whoever knowingly and willfully damages or attempts or conspires to damage the property of an energy facility in an amount that in fact exceeds or would if the attempted offense had been completed, or if the object of the conspiracy had been achieved, have exceeded $100,000, or damages or attempts or conspires to damage the property of an energy facility in any amount and causes or attempts or conspires to cause a significant interruption or impairment of a function of an energy facility [shall be guilty of a crime].

The indictment reads as follows:

[Read Indictment]

Sand, Siffert, *Modern Fed. Jury Instructions*, 3-2; 3-9; 18 U.S.C. § 1366(a) (modified).

26

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 20 (Variance – Dates)**

While we are on the subject of the indictment, I should draw your attention to the fact that the indictment charges that specific acts occurred on or about certain dates. The proof need not establish with any certainty the exact date of the specific act charged. It is sufficient if the evidence in this case establishes that an offense was committed on a date reasonably near the date alleged in the indictment. The law only requires a substantial similarity between the date alleged in the indictment and the date established by testimony or exhibits.

27

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 21 (Knowingly; Willful Blindness)

In order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by a defendant's conduct and by all of the facts and circumstances surrounding the case.

You may infer that a defendant acted knowingly from circumstantial evidence or from proof that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of that fact. "Willful blindness" exists when a defendant, whose suspicion has been aroused, deliberately fails to make further inquiries. If you find that a defendant had a strong suspicion that someone withheld important facts, yet shut his eyes for fear of what would be learned, or deliberately failed to inquire further, you may conclude that he acted knowingly. Actual knowledge and deliberate or conscious avoidance of knowledge are the same thing.

It is entirely up to you whether you find that a defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

28

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 22 (Willfully)

You have been instructed that in order to sustain its burden of proof the government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with the bad purpose to disobey or to disregard the law.

A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 23 (Intentionally)

The government must prove beyond a reasonable doubt that the defendant acted intentionally if and when he committed the crime charged in the indictment. Before you can find that a defendant acted intentionally, you must be satisfied beyond a reasonable doubt that he acted deliberately and purposefully. That is, a defendant's acts must have been the product of that defendant's conscious objective rather than the product of a mistake or accident.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 24 (Intent – Inferences)

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a defendant's intent from the surrounding circumstances. You may consider any statement made, any act done or omitted by the defendant, and all other facts and circumstances in evidence that indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

31

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 25 (Knowledge, Willfulness, Intent)**

Knowledge, willfulness, and intent involve the state of a person's mind. The state of one's mind is a fact. Accordingly, this is a fact you are called upon to decide.

Rarely is direct proof available to establish the state of one's mind. However, state of mind may be inferred from what one says or does: one's words, one's actions, and one's conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness, and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 26 (Secretive Behavior)

Willful intent or guilty knowledge may be inferred from the secretive or irregular

manner in which a transaction is carried out.

33

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 27 (Using Motive for Intent)

Proof of motive is not a necessary element of the crime with which the defendant is charged.

Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is innocent.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive was shown. But the presence or absence of motive is a circumstance you may consider as bearing on the intent of a defendant.

34

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 28 (Intentionally Left Blank)**

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 29 (Consensual Recordings)**

The government has offered evidence in the form of tape recordings of conversations with the defendant. These recordings were made without the knowledge of the defendant, but with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful, and the government is entitled to use the tape recordings in this case.

Sand, Siffert, *Modern Fed. Jury Instructions*, 5-10 (modified).

36

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 31 (Elements of the Crime)

In order to establish the crime charged in the indictment, you must find that the government has sustained its burden of proving each of the following elements beyond a reasonable doubt:

First, that two or more persons entered into an unlawful agreement to knowingly and willfully damage the property of an energy facility;

Second, that the defendant knowingly and willfully became a member of the agreement; and

Third, that the amount of damage to the energy facility, if the objective of the conspiracy had been achieved, would have exceeded $100,000 or caused a significant interruption or impairment of a function of the energy facility.

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements as charged in the indictment, then proof of the crime charged is complete and you may find the defendant guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, then it is your duty to acquit.

Sand, Siffert, *Modern Fed. Jury Instructions*, 3-10; 19-3; 18 U.S.C. § 1366(a).

37

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 32 (Energy Facility – Defined)**

An "energy facility" means a facility that is involved in the production, storage, transmission, or distribution of electricity, fuel, or another form or source of energy, or research, development, or demonstration facilities relating thereto.

18 U.S.C. § 1366(c).

38

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 33 (First Element: Existence of Agreement)**

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Sand, Siffert, *Modern Fed. Jury Instructions*, 19-4.

39

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 34 (Second Element: Membership in the Conspiracy)**

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully, and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

Before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy

40

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

Sand, Siffert, *Modern Fed. Jury Instructions*, 19-6.

42

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 34A (Government Agent Cannot Be Co-Conspirator)**

In considering whether two or more persons entered into an illegal agreement as charged in the Indictment, you are instructed that you may not consider the collaborating participation of a government agent or informant, for the reason that they do not share in any underlying criminal intentions—they are only pretending to do so. In other words, a person cannot be a "conspirator" when they are working for, informing for, or otherwise cooperating with the Government. You may find the existence of an unlawful agreement only if two or more people other than government agents or informants entered into such agreement. There can be no conspiracy when the only person with whom the defendant conspired was a government agent or informant who secretly intended to frustrate the conspiracy.

*United States v. Hackley*, 662 F.3d 671, 679 (4th Cir. 2011) (citing *United States v. Lewis*, 53 F.3d 29, 33 (4th Cir.1995)); Ninth Circuit Model Criminal Jury Instructions 11.7 (modified).

43

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

**JURY INSTRUCTION 35 (Penalty Not Proper Consideration)**

I have finished the court's instructions on the specific crime charged. As you deliberate, I caution you that the question of possible punishment of the defendant is of no concern to you and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence, if the defendant is convicted, rests exclusively upon the court. Similarly, the possible consequences of a not guilty verdict are of no concern to you. Your duty is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the evidence presented.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

### JURY INSTRUCTION 36 (Concluding Instructions)

In conclusion, let me remind you that your verdict must be unanimous, reflecting the judgment of each and every one of you. Consider it in the jury room deliberately and carefully, in light of the instructions I have given you, and use the same common sense and the same intelligence that you would use in determining any important matter that you have to decide in the course of your own affairs.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Upon retiring to the jury room, your first duty will be to elect a foreperson. The foreperson has no extra vote, but he or she will preside over your deliberations and be your spokesperson in court.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer. Never attempt to communicate with the

45

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

court except in writing. You will note from the oath about to be taken by the court security officer that he or she, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. And bear in mind always that you are not to tell to the court, or anyone else, how you stand in terms of a numerical division, until after you have reached a unanimous verdict.

In order to record your verdict in this case, we have prepared a verdict form for you.

(Review verdict form.)

When you have reached a unanimous agreement, the foreperson should fill out the verdict form in accordance with your agreement. Then the foreperson should sign and date the form in the space provided at the end.

When you have agreed and finished completing the verdict form, the foreperson should rap on the door and inform the Clerk or Court Security Officer simply that you have agreed upon a verdict. The foreperson should not disclose or indicate in any way what your verdict is at that time. The verdict must be announced for the first time in open court.

When you return to the jury box, the Clerk will ask you, "Have you agreed upon your verdict?" And we hope that you collectively will respond that you have.

The Clerk will then ask, "Who shall say for you?" All of you will respond, "Our foreperson."

Your foreperson will then stand and present the verdict form to the Clerk, who will hand it to me. After I review it, I shall read the verdict out loud in open court.

*United States v. Brandon Clint Russell*, JKB-23-0056
Jury Instructions

I remind you that you may not conduct any research by using any source whatsoever to learn more about this case, the issues in the case, or anyone associated with this case. And I further caution you not to communicate with anyone other than your fellow jurors in this case about your deliberations. Until the jury has rendered its verdict in open court, you are prohibited from commenting, whether in person, over the telephone, through the Internet, or through any other means, about this case.

While you are in the jury deliberation room, all electronic devices must remain completely off. Only when you are on break from deliberations may you turn on your cell phone or other electronic device to communicate with anyone outside of your fellow jurors, and only then to discuss matters that have no relation to this trial.

[EXCUSE ALTERNATES]