IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        CASE NO.: 1:23-CR-00056-JKB

vs.

BRANDON CLINT RUSSELL,

_____/

### BRANDON RUSSELL'S MOTION FOR NEW TRIAL

Brandon Russell moves this Honorable Court to grant a new trial in the above captioned case, pursuant to Fed.R.Crim.P. 33, and in support of his request would show as follows:

1. On March 3, 2025, a jury convicted Brandon Russell of one count of Conspiracy to Destroy an Energy Facility in violation of Title 18, U.S.C. §1366(a).

2. At trial in this matter, the Government called an undercover witness "CHS-1" using the pseudonym "Christopher Jackson."

3. Mr. Jackson was and is employed by the FBI as an undercover witness in this and other cases pursued by the Agency.

4. Through Discovery, the Government disclosed that Mr. Jackson had been paid by the FBI for his work in this and other FBI investigations. In their Discovery Letter of January 21, 2025, the Government advised defense counsel that the "FBI has paid CHS #1 a total of $72,043.07 between approximately February 2021, and January 2025. CHS #1 has received $42,500 for services rendered. CHS #1 has further $29,543.07 for operational expenses, including, but not limited to communications, equipment, and travel." See Exhibit 1.

1

5. Mr. Jackson testified at trial and, when asked, stated that the full amount of money he received from the FBI with respect to Mr. Russell's case was "approximately $70,000.00." He testified that those were the only funds he received for his work in connection with this case.

6. On March 17, 2025, AUSA Michael Aubin contacted the undersigned counsel to advise that an additional payment was made to Mr. Jackson during the course of the trial in this case, and prior to Jackson's testimony. Specifically, Mr. Jackson received a payment of $7,180.11 on January 27, 2025, which was the evening of the first day of trial. The witness committed perjury by failing to disclose this additional payment when questioned. Furthermore, because the Government was aware of said payment, and failed to disclose it to defense counsel, this constituted a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, **irrespective of the good faith or bad faith of the prosecution**.". (Emphasis added).

7. Had counsel been aware of the undisclosed payment, in addition to his bias, the witness would have been vigorously cross-examined regarding his untruthful testimony, which would bear upon his credibility as a witness. Mr. Jackson was the Government's star witness, and his testimony was critical to the Government's case-in-chief. Furthermore, based upon the government's recent disclosure, counsel would have been able to demonstrate to the Jury that the payments to CHS-1 were ongoing. It has further been disclosed that CHS-1 may be receiving additional payments for his work in this case. The fact that additional payments were likely or possible was not disclosed to the defense which constitutes a separate and distinct *Brady* violation.

**MEMORANDUM OF LAW**

Pursuant to Federal Rule of Criminal Procedure 33(a), "[u]pon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The only textual limit in Rule 33 is a time constraint. *See* Fed. R. Crim. P. 33(b)(2). Rule 33 provides that any motion for a new trial, on any ground other than newly discovered evidence, must be made within seven (7) days of the verdict of finding of guilt. *Id.* Motions under Rule 33 grounded on newly discovered evidence must be filed within three (3) years after the verdict or finding of guilt. *Id.* Newly discovered evidence need not relate directly to the issue of guilt or innocence to justify a new trial, "but may be probative of another issue of law[,]" such as the existence of a *Jencks* or *Brady* violation. *See United States v. Gilmore*, 833 Fed.Appx. 790, 797 (11th Cir. 2020).

Here, as in *Brady*, the prosecutors failed to disclose exculpatory evidence. The Government failed to disclose evidence that the defense would have used to impeach Mr. Jackson by showing his bias or financial interest, as well as his lack of truthfulness regarding the amount of money he was paid in connection with Mr. Russell's case. Impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *See Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). Such evidence is "evidence favorable to an accused," *Brady*, 373 U.S. at 87, so that, if disclosed and used effectively, it may make the difference between conviction and acquittal. *Cf. Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.").

"To receive a new trial based on the government's violation of *Giglio* or *Brady*, the defendant must 'show that the undisclosed evidence was (1) favorable to him either because it is

exculpatory, or because it is impeaching; (2) material to the defense, i.e., prejudice must have ensued; and (3) that the prosecution had [the] materials and failed to disclose them.'" *U.S. v. Wolf*, 860 F.3d 175, 192 (4th Circuit 2017) (quoting *United States v. Wilson*, 624 F.3d 640, 661 (4th Cir. 2010). Because the allegations at bar concern a *Brady* violation, "a new trial may be warranted even though the evidence is merely impeaching." *U.S. v. Cohn*, 166 Fed.Appx. 4, 7 (4th Circuit 2006) (relying on *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). "Second, the evidence only need be such that, on a new trial, its disclosure would result in a reasonable probability of a different result, which is 'shown when the Government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

In this case, it is undisputed that the government failed to disclose evidence that was favorable to Mr. Russell either because it is exculpatory, or because it is impeaching. It is clear that the evidence was material to the defense, and the prosecution had the materials and failed to disclose them. Again, the credibility of this particular witness, Mr. Jackson, was critical to the government's case.

Wherefore, counsel would respectfully request that this Honorable Court enter its Order granting a new trial in this matter.

Dated: March 25, 2025         Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950

4

**/s/Kobie A. Flowers**
Kobie A. Flowers (Bar No. 16511)

Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030

Counsel for Brandon Russell

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed via CM/ECF which will serve all parties of record on this 25th day of March, 2025.

Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950