IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

                        CASE NO.: 1:23-CR-00056-JKB

vs.

BRANDON CLINT RUSSELL,

_____/

**BRANDON RUSSELL'S REPLY TO
GOVERNMENT'S RESPONSE TO MOTION FOR NEW TRIAL**

    Brandon Russell replies to the Governement's Response to his Motion for New Trial as follows:

    In his Motion for New Trial [ECF 237], Mr. Russell asserts that he is entitled to a new trial due to the Government's failure to disclose a substantial payment made to one of their undercover witnesses, "CHS-1" who testified at trial using the pseudonym "Christopher Jackson." That payment was made to CHS-1 on the evening of the first day of trial in this case, and was not disclosed to the defense until well after the trial had concluded.

    In the first ten plus pages of its Response [ECF. 239] the Government rehashes in great detail the facts which they believe they proved at trial in this matter concerning the alleged conspiracy to damage an energy facility. While Mr. Russell does not agree with all of the facts asserted by the Government, those discrepancies will not be addressed in this Reply as they are unrelated to the issue at bar. Only the pending legal issues are addressed below. Additionally, Mr. Russell nor his counsel have any independent knowledge concerning the "Additional Information Obtained by Government Counsel After Trial" addressed in the Government's Response [ECF 239 at 11-12].

1

In terms of its legal argument, the Government has asserted that Mr. Russell has failed to meet the five criteria established in *United States v. Chavis*, 880 F.2d 788, 93 (4th Cir. 1995). The Government's reading of *Chavis* is narrow and fails to acknowledge the fact that the newly discovered evidence also establishes a *Brady* violation. *Brady v. Maryland*, 373 U.S. 83 (1963). The *Brady* violation established in Mr. Russell's Motion for New Trial, and conceded in the Government's Response, is uncontroverted. Mr. Russell has shown that the non-disclosed evidence was (1) favorable to the accused, either because it was exculpatory or impeaching; (2) material to the verdict at trial; and (3) suppressed by the prosecution. *United States v. Chavez*, 894 F.3d 593, 600 (4th Cir. 2018). The Government's reliance on *Chavis*, *supra*, is misplaced as it presumes that the issue is simply that of newly discovered evidence. In fact, the issue is the Government's failure to disclose favorable evidence to the defense, which was solely within the knowledge and possession of the Government and its witness. This favorable *Brady* evidence is also newly discovered, but only due to the Government's malfeasance, and the false testimony provided by the witness, CHS-1. As such, the Government's argument that the evidence is "solely impeaching" is a mischaracterization. Had the defense been made aware of the additional payment to CHS-1 on the first day of trial, the defense would have zealously cross examined the witness's failure to disclose said payment. The witness testified that he had been paid approximately $70,000.00, which was consistent with what the Government disclosed prior to trial. The witness knew, when he testified, that he was actually paid approximately $80,000.00. The fact that the witness went out of his way not to disclose this additional payment, made to him just days before he testified, would have been highlighted during cross examination. It is not merely the difference between $70,000 and $80,000 which is important to the instant motion – it is the witness's willful misrepresentation and failure to address the additional payments he received **during the course**

**of the trial**. The Government contends that Mr. Russell has failed to meet his burden because the evidence "is solely impeaching." This argument is not relevant to Mr. Russell's *Brady* claims.

Finally, the Government argues that the defense "took every opportunity to probe and ultimately argue that the witness had a bias against the defendant, and financial motive to testify at trial. *Govt. Reply* at 23. Again, the Government has missed the mark. The issue is not simply that the witness had a financial motive to testify. The crux of the issue is the witness's dishonesty when testifying, and the defense's inability to present evidence of said dishonesty due to the Government's failure to disclose the favorable evidence which would have allowed the defense to directly discredit the witness's testimony by demonstrating that the testimony he provided was untrue.

Paying a witness for their work over the course of years is one thing. Paying a crucial prosecution witness additional monies during the course of a federal criminal jury trial, failing to disclose said payment, and permitting the witness to testify falsely rises to the level of a *Brady* violation which requires a new trial.

The Government was aware of said payment, and failed to disclose it to defense counsel, which constituted a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, **irrespective of the good faith or bad faith of the prosecution**.". (Emphasis added).

Finally, contrary to the Government's argument, impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *See Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). Such evidence is "evidence favorable to an accused,"

3

*Brady*, 373 U.S. at 87, so that, if disclosed and used effectively, it may make the difference between conviction and acquittal. *Cf. Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.").

In this case, it is undisputed that the government failed to disclose evidence that was favorable to Mr. Russell either because it is exculpatory, or because it is impeaching. In fact, it was both. It is clear that the evidence was material to the defense, and the prosecution had the materials and failed to disclose them. Again, the credibility of this particular witness, Mr. Jackson, was critical to the government's case.

Wherefore, counsel would respectfully request that this Honorable Court enter its Order granting a new trial in this matter.

Dated: April 21, 2025   Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950

**/s/Kobie A. Flowers**
Kobie A. Flowers (Bar No. 16511)

Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030

Counsel for Brandon Russell

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed via CM/ECF which will serve all parties of record on this 21st day of April, 2025.

                                          Respectfully submitted,

                                          **/s/ Ian J. Goldstein**
                                          Ian J. Goldstein (Admitted *pro hac vice*)

                                          LAW OFFICES OF IAN GOLDSTEIN P.A.
                                          330 Clematis Street, Suite 209
                                          West Palm Beach, FL 33401
                                          Tel: (561) 600-0950