IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

                                                                                          CASE NO.: 1:23-CR-00056-JKB

vs.

BRANDON CLINT RUSSELL

_____/

**BRANDON RUSSELL'S SENTENCING MEMORANDUM AND
MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE**

      Brandon Russell respectfully files this sentencing memorandum and requests consideration for the imposition of a below guideline sentence. Beyond its contents, the Defendant looks forward to the opportunity to set forth additional information at his sentencing hearing.

      On March 3, 2025, a jury convicted Brandon Russell of one count of Conspiracy to Destroy an Energy Facility in violation of Title 18, U.S.C. §1366(a). The charge carries a maximum sentence of twenty years.

      The Guideline range, as calculated by the United States Probation Office is 240 months. Mr. Russell does not object to the accuracy of the guideline range calculated in the PSR, however there exist reasons which would support a downward departure or variance as argued below.

      Pursuant to the controlling legal authority, Mr. Russell has the opportunity to present factual information to assist the Court in making a sentencing determination, pursuant to Title 18 U.S.C. § 3553, as well as <u>United States vs. Booker</u>, 543 U.S. 220 (2005). This Sentencing Memorandum is being filed pursuant to Rule 32 of the Federal Rules of Criminal Procedure, U.S.S.G. § 6B1.4, 18 U.S.C. § 3553(a) and § 3661. Mr. Russell is requesting that this Court

1

consider all materials contained within, and after computing an Advisory Guideline range, fashion an appropriate and reasonable sentence which is sufficient but not greater than necessary to meet the goals of sentencing, as outlined in 18 U.S.C. § 3553(a). The defendant specifically requests a downward departure and/or variance for the reasons set forth below.

## Introduction

As an initial matter, Mr. Russell acknowledges that he has been convicted of the instant offense. Facing a lengthy prison sentence, Mr. Russell has had much time to reflect upon his actions and is dedicated to emerging from this situation a stronger person. Mr. Russell recognizes that the offense for which he has been convicted is serious and requires the appropriate attention of this Court. He submits this Memorandum in support of his request that his sentence is no greater than necessary to achieve the goals of sentencing under § 3553(a).

In the instant case, as to this specific defendant, mitigating factors exist demonstrating that a sentence within the correctly calculated advisory guideline range is in conflict with the sentencing mandate under 18 U.S.C. § 3553(a), which requires this Court to impose a sentence that is "sufficient, but not greater than necessary to achieve the goals of sentencing." Mitigating factors that this Court should take into consideration under § 3553(a) include:

**(1) The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct,**

**(2) Mr. Russell's strong family support, and**

**(3) A below guideline sentence is sufficient to accomplish both specific and general specific deterrence.**

These factors combine to demonstrate that a sentence of 240 months imprisonment is greater than necessary to achieve the goals of sentencing under § 3553(a).

### The Need to Avoid Unwarranted Sentence Disparities

Mr. Russell's codefendant, Sarah Beth Clendaniel, has already been sentenced by this Court to a term of 18 years imprisonment. Notably, Ms. Clendaniel was convicted of both Conspiracy to Destroy an Energy Facility and Possession of a Firearm by a Convicted Felon (a charge for which Mr. Russell was neither charged nor convicted). Facing a greater sentence than Mr. Russell, Ms. Clendaniel was sentenced to 18 years imprisonment, a 2 year downward variance from the applicable guidelines in her case.

Furthermore, even the Government has agreed that Ms. Clendaniel is the more culpable of the two defendants. They conceded this to the Court at Ms. Clendaniel's sentencing hearing. The evidence presented by the Government at trial demonstrated this as well. As the Court is aware, there was no evidence that Mr. Russell traveled, or intended to travel to the District of Maryland in order to participate in this attack. Ms. Clendaniel, on the other hand, had armed herself and prepared to actively participate in the attack on the power grid. Given that Ms. Clendaniel is both more culpable, and has been convicted of an additional felony charge, Mr. Russell should be sentenced to a term of imprisonment which is less than the 18 year sentence imposed upon Ms. Clendaniel. This is the only way to avoid disparate sentencing between these similarly situated defendants, as required by 18 U.S.C. § 3553(a)(6).

### Mr. Russell's Strong Family Support Will Aid In His Rehabilitation

Strong family support aids in rehabilitation and lowers the risk of recidivism. Shirley R. Klein *et al., Inmate Family Functioning*, 46 Int'l J. Offender Therapy & Comp. Criminology 95,

99-100 (2002) ("The relationship between family ties and lower recidivism has been consistent across study populations, different periods, and different methodological procedures."); Phyllis J. Newton, Jill Glazer, & Kevin Blackwell, *Gender, Individuality and the Federal Sentencing Guidelines*, 8 Fed. Sent'g Rep. 148 (1995) ("[T]he better family ties are maintained[,] the lower the recidivism rate"). Mr. Russell is fortunate to have the strong love and support of his family and friends. He enjoys a close relationship with his mother, his brother, and both of his maternal grandparents. This support is evidenced by the letters written by Mr. Russell's family and friends, which are attached as Exhibits to this Memorandum. These relationships will aid in Mr. Russell's rehabilitation beyond any term of incarceration imposed. See U.S. v. Sayad, 589 F.3d 1110 (10th Cir. 2009) (where defendant was convicted of interstate delivery of 11 kilograms of cocaine and guidelines were 57 months, sentence of probation was reasonable in part because, unlike in most cases, here strong family support which will aid rehabilitation); U.S. v. Wachowiak, 412 F.Supp.2d 958 (E.D. Wisc. 2006) *aff'd* 496 F.3d 744 (7th Cir. 2007) (in possession of pornography case, where guidelines 120-151 months, below guideline sentence of 70 months imposed in part because "the guidelines failed to account for the strong family support defendant enjoyed, which would aid in his rehabilitation and re-integration into the community. Because defendant's family and friends have not shunned him despite learning of his crime, he will likely not feel compelled to remain secretive if tempted to re-offend. Rather, he will seek help and support"); U.S. v. Smith (4th Cir. April 22, 2008) 2008 WL 1816564 (unpub.) (in child pornography case where guidelines 78-97 months, sentence of 24 months was not an abuse of discretion where district court noted among other things, that defendant had "strong family ties.").

**Deterrence**

There are two major purposes of deterrence. The first is to ensure that the sentence imposed sufficiently deters this Defendant from similar conduct in the future. The second is deterring others from becoming involved in a similar crime in the future.

**A. Specific deterrence: Section 3553(a)(2)(C):** *the need "to protect the public from further crimes of the defendant."*

Brandon Russell is an educated young man who has served this country's military. His family relationships speak volumes of the person he can be. As supported in the attached letters, mental health issues have plagued Brandon Russell, and ultimately led him down this rabbit hole, preventing him from reaching his true potential. As indicated in the PSR, Mr. Russell has suffered from autism, anxiety, PTSD and depression throughout most of his life. See PSR at ¶¶ 70-75. While not an excuse, this is certainly something the Court should consider, particularly because these conditions are treatable, and he may be rehabilitated through proper medication and treatment. Receiving treatment in a controlled setting such as prison will no doubt assist Brandon, and result in specific deterrence from future crimes.

**B. General deterrence.**

Certainty of punishment serves as a general deterrent effect far more than its severity. General deterrence is served because it is known to others that this Defendant, and those similarly situated, are held accountable for their actions. They become forever branded as "convicted felons," facing serious and often insurmountable difficulties finding suitable employment, education, and volunteer opportunities. This is an extraordinarily great penalty.

While some believe the higher the sentence the greater the effect in deterring others, empirical research shows no relationship between sentence length and deterrence. *Deterrence in*

5

*Criminal Justice-Evaluating Certainty vs. Severity of Punishment*, November 2010, The Sentencing Project.[1]

> Existing evidence does not support any significant public safety benefit of the practice of increasing the severity of sentences by imposing longer prison terms. In fact, research findings imply that increasingly lengthy prison terms are counterproductive. Overall, the evidence indicates that the deterrent effect of lengthy prison sentences would not be substantially diminished if punishments were reduced from their current levels. Id.

The research finding is that "deterrence works," but only in the sense that there is less crime with a criminal justice system than there would be without one. But the question for Your Honor is also "marginal deterrence," *i.e.*, whether any particular additional quantum of punishment will result in increased deterrence and thus decreased crime.

## Letters of Support

Brandon Russell enjoys the support of his loving family and friends. The undersigned counsel has received letters in support of Mr. Russell, as referenced above. These letters speak volumes to his character as a friend, son, grandson, brother and person. In determining an appropriate sentence, counsel would ask the Court to consider the positive things in Brandon Russell's life, supported by these letters, which are incorporated by reference and attached hereto as **Exhibits "A" through "E".**

---

[1] That 2010 paper relies upon an extraordinary number of studies of recidivism by, (1) the U.S. Department of Justice, (2) well respected journals, (3) the Center for Economic and Policy Research, as well as, (4) conclusions reached by Steve Aos, Marna Miller, and Elizabeth Drake, "Evidence-Based Public Policy Options to Reduce Future Prison Construction, Criminal Justice Costs, and Crime Rates," Olympia: Washington State Institute for Public Policy, 2006.

**Conclusion**

Based upon the foregoing, the defendant respectfully requests that this Honorable Court take these matters into consideration in granting a downward departure or variance from the advisory sentencing guidelines, and impose a sentence of less than the 18 year sentence imposed upon his more culpable codefendant.

Dated: July 24, 2025                                Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950

**/s/Kobie A. Flowers**
Kobie A. Flowers (Bar No. 16511)

Flowers Keller, LLP
1601 Connecticut Avenue NW
Washington, DC 20009
Tel: (202) 521-8742

Counsel for Brandon Russell

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed via CM/ECF which will serve all parties of record on this 24th day of July 2025.

Respectfully submitted,

**/s/ Ian J. Goldstein**
Ian J. Goldstein (Admitted *pro hac vice*)

LAW OFFICES OF IAN GOLDSTEIN P.A.

7

330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950